JEFFREY B. ISAACS (SBN 117104)
jisaacs@ifcounsel.com
ADAM S. KARGMAN (SBN 212109)
akargman@ifcounsel.com
AMY YEH (SBN 228174)
ayeh@ifcounsel.com
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Telephone:   (213) 929-5550
Facsimile:    (213) 955-5794

*Attorneys for Defendant Fari Rezai*

[Additional counsel on the following pages]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT OZERAN, ESQ.,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBIN JACOBS, ESQ., *et al*.<br><br>　　　　　　Defendants. | Case No.  2:17-cv-7965-DOC (JDEx)<br>Assigned to Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS FARI REZAI, DENNIS FUSI, ROBIN JACOBS AND JOHN JANSEN TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of Amy Yeh and [Proposed] Order*]<br><br>**<u>HEARING:</u>**<br><br>Date:　　January 8, 2018<br>Time:　　8:30 a.m.<br>Place:　　Courtroom 9D<br><br>FAC Filed:　　　　October 5, 2017<br>Action Removed:　October 31, 2017<br>Trial Date:　　　　None set |

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

MARC WILLIAMS (SBN 198913)
mwilliams@cohen-williams.com
JENNIFER WILLIAMS (SBN 268782)
jwilliams@cohen-williams.com
**COHEN WILLIAMS WILLIAMS LLP**
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone:   (213) 232-5160
Facsimile:    (213) 232-5167

*Attorneys for Dennis Fusi*


REBECCA DAVIS-STEIN (SBN 193141)
rds@steinlawcorp.com
DAWN LY (SBN 231103)
dl@steinlawcorp.com
**ANDREW D. STEIN & ASSOCIATES, INC.**
470 S. San Vicente Blvd., 2nd Floor
Los Angeles, CA 90048
Telephone:   (323) 852-1507
Facsimile:    (323) 852-0104

*Attorneys for Robin Jacobs*


JAMES SPERTUS (SBN 159825)
Jim@SpertusLaw.com
SAMUEL JOSEPHS (SBN 284035)
sam@spertuslaw.com
DOLLY HANSEN (SBN 254826)
dolly@spertuslaw.com
**SPERTUS, LANDES & UMHOFER LLP**
1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone:   (310) 826-4700
Facsimile:    (310) 826-4711

*Attorneys for John Jansen*

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on January 8, 2018, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D (9th Floor) of the above-entitled Court, located at the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701, Defendants Fari Rezai, Dennis Fusi, Robin Jacobs and John Jansen (collectively, "Defendants"), will, and hereby do, move this Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing each of the three causes of action in the First Amended Complaint ("FAC") of Plaintiff Robert Ozeran for failure to state a claim upon which relief may be granted.

Defendants move to dismiss each of the FAC's three causes of action on the following grounds:

| Cause of Action | Grounds for Dismissal |
|---|---|
| First Cause of Action for Violations of California Business & Professions Code §§ 17200, *et seq.* ("UCL") | 1. Failure to allege a violation of the UCL with the particularity required by Fed. R. Civ. P. 9(b). 2. Failure to allege that Plaintiff suffered injury in fact and lost money or property as a result of such unfair competition, as required for standing to bring a UCL claim. 3. The only relief that Plaintiff seeks is monetary, and that relief is in the nature of damages, which is not available under the UCL. |

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

| Cause of Action | Grounds for Dismissal |
|---|---|
| Second Cause of Action for Negligence | 1. As a matter of law, Defendants do not owe Plaintiff a duty of care.<br>2. Failure to sufficiently allege that Defendants' alleged negligence caused injury to Plaintiff.<br>3. Plaintiff's negligence claim is grounded in fraud, and Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b). |
| Third Cause of Action for Civil Racketeering under 18 U.S.C. §§ 1961 *et seq.* ("RICO") | 1. Failure to sufficiently allege the existence of an "enterprise" within the meaning of 18 U.S.C. § 1961.<br>2. Failure to sufficiently allege that Defendants "conducted or participated" in the affairs of an enterprise.<br>3. Failure to sufficiently allege the elements of the alleged racketeering acts of mail and wire fraud under either Fed. R. Civ. P. 8(a) or with the particularity required by Rule 9(b).<br>4. Failure to sufficiently allege a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961. |

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

| Cause of Action | Grounds for Dismissal |
|---|---|
| | 5.  Failure to sufficiently allege that the alleged Civil RICO violation was the proximate cause of an injury in fact to Plaintiff's "business or property," as required to establish standing under 18 U.S.C. § 1964(c). |

Moreover, dismissal of the FAC should be without leave to amend because Plaintiff can allege no set of facts that would cure the deficiencies in each of his three causes of action, and therefore amendment would be futile.

This motion is made following a conference of counsel held pursuant to Local Rule 7-3, which was conducted telephonically on November 21, 2017, between Jeffrey Lewis on behalf of Plaintiff Robert Ozeran; Jeffrey Isaacs and Amy Yeh on behalf of Defendant Fari Rezai; Samuel Josephs on behalf of Defendant John Jansen; Marc Williams on behalf of Defendant Dennis Fusi; and Rebecca Davis-Stein on behalf of Defendant Robin Jacobs.  Declaration of Amy Yeh, ¶ 3.  During that conference, Mr. Lewis acknowledged that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) applied to Plaintiff's First Cause of Action for violation of the UCL and Third Cause of Action for violation of the Civil RICO statute, but maintained that Rule 9(b) did not apply to the Second Cause of Action for negligence.  *Id.* at ¶ 4.  Otherwise, the parties were unable to resolve their differences informally, requiring this Motion.  *Id.*

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Amy Yeh; the files and

/ / /

/ / /

/ / /

3

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

1    records in this action; and such further evidence, argument and authorities as may be

2    presented to the Court prior to or at the hearing of this Motion.

3

4    DATED:  December 7, 2017          **ISAACS | FRIEDBERG LLP**

5
                                       By:   _____ */s/ Jeffrey B. Isaacs* _____
6                                            JEFFREY B. ISAACS, ESQ.
7                                            Attorneys for Defendant Fari Rezai

8    DATED:  December 7, 2017          **SPERTUS, LANDES & UMHOFER LLP**

9
                                       By:   _____ */s/ Sam Josephs* _____
10                                           SAMUEL JOSEPHS
11                                           Attorneys for Defendant John Jansen

12   DATED:  December 7, 2017          **COHEN WILILAMS WILLIAMS LLP**

13
                                       By:   _____ */s/ Marc Williams* _____
14                                           MARC WILLIAMS
15                                           Attorneys for Defendant Dennis Fusi

16   DATED:  December 7, 2017          **ANDREW D. STEIN & ASSOCIATES, INC.**

17

18                                     By:   _____ */s/ Rebecca Davis-Stein* _____
19                                           REBECCA DAVIS-STEIN
20                                           Attorneys for Defendant Robin Jacobs

21

22

23

24

25

26

27

28

---

4

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION. .................................................................................1

II. THE FIRST AMENDED COMPLAINT. .............................................2

   A.   Procedural History. .....................................................................2

   B.   The FAC's Allegations. ...............................................................3

III. EACH CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER RULE 12(B)(6). ...................................................................4

   A.   Standards Governing Rule 12(b)(6) Motions. ........................4

   B.   Heightened Pleading Requirements Under Rule 9(b). ...........5

   C.   The Exhibits to the FAC Should Be Disregarded. .................6

   D.   The Third Cause of Action for Civil RICO Should Be Dismissed. .....7

       *1.*   *The FAC Fails to Sufficiently Allege the Existence of an "Enterprise."* ...................................................8

       *2.*   *The FAC Fails to Sufficiently Allege that Defendants "Conducted or Participated" in the Affairs of an Enterprise.* ....10

       *3.*   *The FAC Fails to Sufficiently Allege "Racketeering Activity."* ...............................................10

       *4.*   *The FAC Fails to Sufficiently Allege a "Pattern of Racketeering Activity."* ...........................................12

       *5.*   *The FAC Fails to Sufficiently Allege Injury to Plaintiff's "Business or Property."* ...............................12

       *6.*   *The FAC Fails to Sufficiently Allege that the RICO Violation Proximately Caused Plaintiff's Alleged Injury.* ..........14

   E.   The First Cause of Action for Violation of the UCL Should Be Dismissed. ......................................................15

       *1.*   *The FAC Fails to Allege a Violation of the UCL with the Particularity Required by Rule 9(b).* ...............15

       *2.*   *The FAC Fails to Allege Statutory Standing to Bring a UCL Claim.* ..............................................17

       *3.*   *The Monetary Relief Sought by Plaintiff Is Not Recoverable Under the UCL.* ........................................19

i

## TABLE OF CONTENTS (CONT.)

**PAGE**

F.  **The Second Cause of Action for Negligence Should Be Dismissed.** ...................................................20

    *1.  As a Matter of Law, Defendants Do Not Owe a Duty of Care to Plaintiff.* ...............................................21

    *2.  The FAC Fails to Adequately Allege Harm Proximately Caused by Defendants.* ...........................................22

    *3.  Plaintiff's Negligence Claim Is Grounded in Fraud, But The FAC Failes to Meet Rule 9(b)'s Heightened Pleading Requirements.* ...................................................22

G.  **The FAC Should Be Dismissed Without Leave to Amend.** ...............23

IV.  **CONCLUSION.** ...................................................25

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**FEDERAL CASES:**

*Aaron v. Durrani*,
    2014 WL 996471 (S.D. Ohio Mar. 13, 2014) ...................................................... 6

*Almanza v. United Airlines, Inc.*,
    851 F.3d 1060 (11th Cir. 2017)...................................................................24

*Amini Innovation Corp. v. McFerran Home Furnishing, Inc.*,
    301 F.R.D. 487 (C.D. Cal. 2014) .......................................................... 6

*Anza v. Ideal Steel Supply Co.*,
    547 U.S. 451 (2006) ...................................................................... 14, 15

*Aronson v. Advanced Cell Tech., Inc.*,
    972 F. Supp. 2d 123 (D. Mass. 2013)....................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................. 4, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................. 5

*Berg v. First State Ins. Co.*,
    915 F.2d 460 (9th Cir. 1990) ............................................................. 13

*Boyle v. U.S.*,
    556 U.S. 938 (2009) ..................................................................... 9

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
    155 F. Supp. 2d 1069 (S.D. Ind. 2001) ............................................. 13

*Cacique, Inc. v. Robert Reiser & Co.*,
    169 F. 3d 619 (9th Cir. 1999)............................................................ 19

*Canyon Cty. v. Syngenta Seeds, Inc.*,
    519 F.3d 969 (9th Cir. 2008).................................................... 13, 15

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011)............................................................ 23

*Crayton v. Hedgpeth*,
    2011 WL 1988450 (E.D. Cal. May 20, 2011)................................... 14

i

# TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

*Davis v. Bifani*,
   2007 WL 1216518 (D. Colo. Apr. 24, 2007) ........................................................ 7

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ................................................................ 10

*First Pac. Bancorp, Inc. v. Bro*,
   847 F.2d 542 (9th Cir. 1988) ............................................................ 14

*George v. TRS Staffing Sols., Inc.*,
   2009 WL 10676205 (C.D. Cal. Sept. 14, 2009) ................................................ 20

*Gotham Print, Inc. v. American Speedy Printing Ctrs, Inc.*,
   863 F. Supp. 447 (E.D. Mich. 1994) .................................................. 11

*H.J. Inv. v. Northwestern Bell Tel. Co.*,
   492 U.S. 229 (1989) ............................................................ 12

*Hicks v. Makaha Valley Plantation Homeowners Ass'n*,
   2015 WL 328311 (D. Haw. Jan. 26, 2015) ...................................................... 16

*Hill v. Opus*,
   841 F. Supp. 2d 1070 (C.D. Cal. 2011) ................................................ 8

*Hollander v. Flash Dancers Topless Club*,
   173 Fed. App'x 15 (2d Cir. 2006) ...................................................... 24

*Holmes v. Secs. Inv. Prot. Corp.*,
   503 U.S. 258 (1992) ................................................................ 14

*In re Ins. Brokerage Antitrust Litig.*,
   618 F.3d 300 (3d. Cir. 2010) ............................................................ 8

*Int'l Longshore and Warehouse Union v. ICTSI Oregon, Inc.*,
   863 F.3d 1178 (9th Cir. 2017) .......................................................... 23

*U.S. v. Int'l Longshoremen's Ass'n*,
   518 F. Supp. 422 (E.D.N.Y. 2007) ................................................... 6

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ...................................................... 5, 16

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

**TABLE OF AUTHORITIES (CONT.)**

**PAGE(S)**

*Lancaster Comm. Hosp. v. Antelope Valley Hosp. District*,
  940 F.2d 397 (9th Cir. 1991) ............................................................................. 11

*U.S. v. Lew*,
  875 F.2d 219 (9th Cir. 1989) ............................................................................. 12

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) .......................................................................... 23

*MAI Systems, Corp. v. UIPS*,
  856 F. Supp. 538 (N.D. Cal. 1994) .............................................................. 18, 19

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) ............................................................................. 11

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) ............................................................................... 5

*Muttathottil v. Gordon H. Manfield*,
  381 Fed. App'x 454 (5th Cir. 2010) .................................................................... 6

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ............................................................................... 9

*Ogden v. Wells Fargo Bank, NA*,
  674 Fed. App'x 650 (9th Cir. 2017) .................................................................. 24

*Pom Wonderful LLC v. Welch Foods, Inc.*,
  2009 WL 5184422 (C.D. Cal. Dec. 21, 2009) ....................................... 17, 18, 20

*Price v. Pinnacle Brands, Inc.*,
  138 F.3d 602 (5th Cir. 1998) ............................................................................. 13

*Prime Partners IPA of Temecula, Inc. v. Chaudhuri*,
  2012 WL 1669726 (C.D. Cal. May 14, 2012) ................................................. 9, 10

*Rao v. BP Prods. N. Am., Inc.*,
  589 F.3d 389 (7th Cir. 2009) ............................................................................... 9

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993) .......................................................................................... 10

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

**TABLE OF AUTHORITIES (CONT.)**

**PAGE(S)**

*Saul v. U.S.*,
    928 F.2d 829 (9th Cir. 1991) ............................................................. 23

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
    806 F.2d 1393 (9th Cir. 1986) ............................................................. 5

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
    473 U.S. 479 (1985) ............................................................................ 8

*Sever v. Alaska Pulp Corp.*,
    978 F.2d 1529 (9th Cir. 1992) ........................................................... 12

*Smith v. Hogan*,
    794 F.3d 249 (2d Cir. 2015) ............................................................... 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................... 5

*Steele v. Hosp. Corp. of America*,
    36 F.3d 69 (9th Cir. 1994) ................................................................. 13

*Strates Shows, Inc. v. Amusements of America, Inc.*,
    379 F. Supp. 2d 817 (E.D.N.C. 2005) ............................................... 14

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .......................................................... 5, 16

*Texas Water Supply Corp. v. R.F.C.*,
    204 F.2d 190 (5th Cir. 1953) ............................................................... 6

*United States v. Turkette*,
    452 U.S. 576 (1981) ............................................................................ 9

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
    660 F.Supp.2d 1163 (C.D. Cal. 2009) ............................................... 23

*Vaugh v. Diaz*,
    2013 WL 150487 (S.D. Cal. Jan. 14, 2013) ....................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................. 5, 16, 23

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

# TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

*Vicon Fiber Optics Corp. v. Scrivo*,
 201 F. Supp. 2d 216 (S.D.N.Y. 2002) ................................................. 14

*U.S. v. Woods*,
 335 F.3d 993 (9th Cir. 2003) ............................................................. 11

**STATE CASES:**

*Bank of the West v. Sup. Ct.*,
 2 Cal. 4th 1254 (1992) ...................................................................... 19

*Biakanja v. Irving*,
 49 Cal. 2d 647 (1958) ....................................................................... 21

*Blain v. Doctor's Co.*,
 222 Cal. App. 3d 1048 (1990) ........................................................... 22

*Kesner v. Sup. Ct.*,
 1 Cal. 5th 1132, 1142 (2016) ....................................................... 20, 21

*Korea Supply Co. v. Lockheed Martin Co.*,
 29 Cal. 4th 1134 (2003) .................................................................... 19

*Kwikset Corp. v. Sup. Ct.*,
 51 Cal. 4th 310 (2011) ...................................................................... 17

*Pineda v. Bank of America, N.A.*,
 50 Cal. 4th 1389 (2010) .................................................................... 19

*Quelimane Co. v. Stewart Title Guar. Co.*,
 19 Cal. 4th 26 (1998) ........................................................................ 21

**FEDERAL STATUTES AND RULES:**

18 U.S.C. § 1341 ........................................................................... 10, 11

18 U.S.C. § 1343 ........................................................................... 10, 11

18 U.S.C. § 1961 .............................................................. 1, 8, 10, 12

18 U.S.C. § 1962 ................................................................................... 8

18 U.S.C. § 1964 ............................................................................. 8, 13

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

# **TABLE OF AUTHORITIES (CONT.)**

**PAGE(S)**

28 U.S.C. § 1331 ............................................................................................... 2

28 U.S.C. § 1441 ............................................................................................... 2

28 U.S.C. § 1446 ............................................................................................... 2

Fed. R. Civ. P 8(a) ........................................................................................... 6

Fed. R. Civ. P. 9(b) ................................................................................. *passim*

Fed. R. Civ. P. 10(c) ........................................................................................ 6

Fed. R. Civ. P. 12(b)(6) .......................................................................... 1, 4, 18

**STATE STATUTES:**

Cal. Bus. & Prof. Code § 17200 ............................................................. *passim*

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Fari Rezai, Dennis Fusi, Robin Jacobs and John Jansen (collectively, "Defendants") move jointly to dismiss each of the three causes of action in the First Amended Complaint ("FAC") filed by Plaintiff Robert Ozeran ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## I.    INTRODUCTION.

Plaintiff alleges that he is an attorney practicing in Southern California who represents injured workers before the California Workers' Compensation Appeals Board.  (FAC, ¶ 16.)  Plaintiff names as defendants in this case ten individual attorneys, including the four Defendants who have filed this Motion.  (FAC, ¶¶ 2-11.) Plaintiff alleges that the defendants were charged criminally in an illegal capping scheme, and that their alleged conduct diminished the value of his advertisements, resulting in the drop in clients that he would otherwise have represented.  (FAC, ¶ 38.) The FAC alleges: (1) Violations of the Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* (the "UCL"); (2) Negligence; and (3) Civil Racketeering, 18 U.S.C. §§ 1961, *et seq.* ("RICO").

Each of these claims is deficient on multiple grounds.  All of them sound in fraud, but lack the particularity required by Federal Rule of Civil Procedure 9(b) because Plaintiff has not set forth ***any*** specific factual allegations describing the when, where and how of the alleged unlawful conduct, Defendants' respective roles in the alleged scheme, or how that conduct resulted in any concrete harm to Plaintiff's business.  Instead, Plaintiff's claims are based on a criminal complaint which is not properly incorporated into the FAC, is not the same pleading that Plaintiff references in the FAC, and does not charge or even mention any of the Defendants.  Moreover,

---

[1] On November 7, 2017, co-defendant Jorge Humberto Reyes filed a separate Motion to Dismiss the FAC, which is scheduled to be heard on January 8, 2017, the same day as this Motion.

1

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

all of Plaintiff's claims are based on a factually unsupportable and entirely speculative claim of injury that is insufficient to state a claim under federal pleading standards.

Each cause of action is also deficient for other reasons.  The UCL claim also fails because Plaintiff is seeking damages for a lost business opportunity, rather than restitutionary disgorgement, which are not available for a violation of the UCL.  The RICO claim, the substance of which is set forth in a single paragraph, fails to allege (1) an enterprise; (2) that Defendants conducted or participated in the affairs of the enterprise; (3) the elements of any racketeering activity; (4) a pattern of racketeering activity; (5) injury to his "business or property"; or (6) that Plaintiff's alleged injuries were the "but for" and proximate causes of his alleged injury.  Finally, the negligence claim fails because Plaintiff has not alleged (nor can he) that Defendants owed him a legal duty under controlling California authority.

The myriad defects in Plaintiff's FAC are not curable; Plaintiff cannot plausibly allege that Defendants engaged in any unlawful conduct which was directed at or injured him, nor can he properly plead all of the elements of any of the claims in the FAC.  Accordingly, the FAC must be dismissed without leave to amend.

## II.     THE FIRST AMENDED COMPLAINT.

**A.     Procedural History.**

On June 9, 2017, Plaintiff filed a Complaint in the Los Angeles County Superior Court, in a case entitled *Ozeran v. Jacobs, et al.*, Los Angeles Superior Court, Case No. BC664607 (the "State Court Action").  On September 18, 2017, Plaintiff filed a Motion for Leave to Amend to correct errors in the Complaint and add a new cause of action for Civil RICO.  On October 2, 2017, the Superior Court granted Plaintiff leave to file the FAC, which Plaintiff filed on October 5, 2017.

On October 31, 2017, the State Court Action was removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  By stipulation filed on November 7, 2017, the parties agreed to extend the deadline for Defendants to respond to the FAC until December 7, 2017.

2

**B.      The FAC's Allegations.**

Plaintiff claims that this action arises out of a criminal complaint filed by the Orange County District Attorney's Office (the "OCDA") in *People v. Castro*, Orange County Superior Court Case No. 17CF1372 (the "*Castro* Complaint"), wherein all of the defendants and their agents were allegedly "accused" of being involved in an unlawful workers' compensation insurance referral or "capping" scheme.  (*See* FAC, ¶ 15.)  Plaintiff alleges, without any supporting factual allegations, that all ten defendants are "Plaintiff's competitors in Plaintiff's geographical area and field of legal practice and utilized illegal practices in order to secure clients for which Plaintiff competes." (FAC, ¶ 19.)  He further alleges that "Plaintiff has suffered damages in relation to the diminished value of his advertisements and resulting drop in clients" that would otherwise have retained his services.  (FAC, ¶ 38.)

The FAC does not actually allege any illegal conduct by Defendants; rather, it simply asserts that they and others have been "accused" of engaging in such conduct by the OCDA.  (*See* FAC, ¶¶ 20-38.)  To this end, it purports to incorporate the *Castro* Complaint and the OCDA's June 5, 2017 press release about the criminal charges (the "Press Release") by attaching them as exhibits to the FAC.   Theses exhibits, however, add nothing to the FAC factually because Exhibit "A" is just a press release about the criminal case and Exhibit "B" is a criminal complaint that has nothing to do with the Defendants.  Although the FAC states that it attaches the complaint in *People v. Castro*, it actually attaches the complaint in *People v. Slater*, Orange County Superior Court Case No. 17CF1369 (the "*Slater* Complaint"), which does not mention any of the defendants in this case other than Mr. Slater.  (*See* FAC, Ex. B.)  Nor does it mention Plaintiff or allege that he or any other worker's compensation attorney was the victim of the alleged criminal acts.  (FAC, Ex. B.)

Moreover, although Plaintiff asserts in conclusory terms that the alleged conduct diminished the value of his advertising and resulted in him losing prospective

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

clients, he does not allege any facts to support this claim.  He does not allege, for example, that any of Defendants' clients received his advertisements, knew about him, or would have retained him but for Defendants' alleged capping scheme.  Nor does he identify a single client who chose to be represented by Defendants rather than by him as a result of the alleged capping scheme.  Similarly, Plaintiff does not allege that he and Defendants targeted or serviced the same demographic of clients in the same geographical area during the same time period, or that he offered the same quality of services.  Simply put, he alleges no facts whatsoever supporting the conclusory allegation that Defendants' alleged conduct had a negative and measurable impact on the value of his advertisements.[2]

Adding to the uncertainty of the FAC's allegations, it also indiscriminately lumps all ten defendants together, always referring to their alleged conduct collectively as that of the "Defendants."  Indeed, the FAC does not include any specific allegations regarding any of the ten defendants, and never once identifies a single action by a single defendant.

### III.   EACH CAUSE OF ACTION FAILS TO STATE
### A CLAIM UNDER RULE 12(b)(6).

**A.     Standards Governing Rule 12(b)(6) Motions.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] Moreover, Plaintiff does not and cannot allege that his advertisements were less effective after the alleged capping scheme than they were before the scheme because Mr. Ozeran has only been a member of the California State Bar since 2012 (*see* http://members.calbar.ca.gov/fal/Member/Detail/284739, last visited on Dec. 7, 2017) but the alleged capping scheme purportedly began seven years earlier, in 2005.

4

1  court to draw the reasonable inference that the defendant is liable for the misconduct

2  alleged." *Id.*

3      Further, the Court is not "required to accept as true allegations that are merely

4  conclusory, unwarranted deductions of fact or unreasonable inferences." *Sprewell v.*

5  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A "plaintiff's obligation to

6  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

7  conclusions, and a formulaic recitation of the elements of a cause of action will not

8  do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v.*

9  *Allain*, 478 U.S. 265, 286 (1986)). In short, "[f]actual allegations must be enough to

10  raise a right to relief above the speculative level." *Id.*; *see also Moss v. U.S. Secret*

11  *Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to

12  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

13  content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing

14  *Iqbal* and *Twombly*).

15  **B.    Heightened Pleading Requirements Under Rule 9(b).**

16      Rule 9(b) provides that "a party must state with particularity the circumstances

17  constituting fraud or mistake." It "demands that, when averments of fraud are made,

18  the circumstances constituting the alleged fraud be specific enough to give defendants

19  notice of the *particular* misconduct so that they can defend against the charge." *Vess*

20  *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations

21  omitted). This means that fraud-based allegations must include the "time, place, and

22  specific content of the false representations as well as the identities of the parties to

23  the misrepresentations." *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)

24  (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see also*

25  *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401

26  (9th Cir. 1986); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

27      Here, counsel for Plaintiff has already conceded, as he must, that the Rule

28  9(b)'s heightened pleading standard applies to Plaintiff's First Cause of Action for

violation of the UCL and Third Cause of Action for Civil RICO.  Declaration of Amy Yeh ("Yeh Decl."), ¶ 4.

**C.     The Exhibits to the FAC Should Be Disregarded.**

Plaintiff attempts to incorporate by reference the Press Release attached to the FAC as Exhibit "A" and the *Slater* Complaint attached as Exhibit "B."  These exhibits, however, cannot be considered part of the FAC under Federal Rule of Civil Procedure 10(c).  That Rule only allows an exhibit to be considered "part of the pleading" if it is a "written instrument"; that is, a "'legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate.'"  *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (quoting Black's Law Dictionary (10th ed. 2014)).

In *Amini Innovation Corp. v. McFerran Home Furnishing, Inc*., 301 F.R.D. 487 (C.D. Cal. 2014), the complaint incorporated by reference paragraphs of another complaint filed in a related case.  This Court held that "Rule 10(c) does not allow a party to adopt pleadings from a wholly separate action, even if that action is between the same parties," and thus struck all references to those allegations from the complaint.  *Id*. at 493; *see also Texas Water Supply Corp. v. R.F.C.,* 204 F.2d 190, 196 (5th Cir. 1953) ("Clearly the [counterclaim] filed in this action . . . did not sufficiently set forth the counterclaim by mere reference to [a separate complaint].");  *accord Muttathottil v. Gordon H. Manfield*, 381 Fed. App'x 454, 457 (5th Cir. 2010).  Since Exhibits "A" and "B" are not "written instruments," they cannot be considered part of the FAC and Plaintiff cannot adopt their content by reference.

Moreover, courts have also found that "the practice of incorporating by reference allegations in a separate proceeding is inappropriate and violates [Rule] 8(a)."  *Aaron v. Durrani*, 2014 WL 996471, at *2 (S.D. Ohio Mar. 13, 2014) (holding that plaintiffs failed to meet the pleading requirements of Rule 8(a) where, *inter alia*, they incorporated portions of their original complaint and a criminal indictment into second amended complaint); *see also U.S. v. Int'l Longshoremen's*

6

*Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007) ("[T]he Government would have this Court conclude that the Government is permitted under the Federal Rules of Civil Procedure to allege not only individual facts, but entire legal theories that appear nowhere on the face of the Amended Complaint, by attaching an indictment in a prior criminal case to its pleading in this action.  The Court is compelled to decline the Government's request to abolish or ignore the modest pleading requirements imposed on it by Federal Rule of Civil Procedure 8(a)."); *Davis v. Bifani*, 2007 WL 1216518, at *3 (D. Colo. Apr. 24, 2007) ("[T]he Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action . . . .  Such a practice violates the requirements of Fed.R.Civ.P. 8(a)."); *Aronson v. Advanced Cell Tech., Inc.*, 972 F. Supp. 2d 123, 136 (D. Mass. 2013) ("by their own representation, the plaintiffs have based their claims on unproven allegations asserted by the SEC in an unrelated case"; such "incorporation of allegations from another case cannot support a claim for relief").

In this case, the FAC is, on its face, based only on unproven allegations in the exhibits.  Indeed, it expressly admits that it is not based on personal knowledge, but that the "[t]he source of plaintiff's information and belief are the Press Release and Felony Complaint attached hereto as well as the newspaper accounts of Defendants' criminal actions."  (FAC, ¶ 43).  When the unproven allegations that are incorporated by reference are stripped away from the FAC, little remains other than the names of the parties.  (*See*  FAC, ¶¶ 1-11.)

## D.    The Third Cause of Action for Civil RICO Should Be Dismissed.

Plaintiff's RICO cause of action consists of only a single substantive paragraph:

> Defendants' conduct above constitutes a criminal enterprise that gives rise to civil liability under RICO (18 USC § 1961 et seq.).  Each defendant conducted an enterprise and received money from a pattern of racketeering activity.  Page 1 through 6 of the attached OCDA Complaint describe four overt acts and eleven counts each of which constitute a predicate act within the meaning of RICO.  The acts alleged in the OCDA Complaint occurred between 2011 and 2017.

7

> Centro Legal Internacional was formed as an enterprise used to commit the illegal actions described in the OCDA Complaint.  USA Photocopy, C&E Technology, Professional Document Management and Providence Scheduling were also affiliates of defendants that were enterprises used to conduct criminal actions.  Plaintiff is informed, believes, and thereon alleges that defendants used e-mail and United States Mail to commit the actions described in the OCDA Complaint and that such use of e-Mail and United States Mail affected interstate commerce.  Plaintiff is informed, believes and thereon allege [sic] that the income from the foregoing illegal activities were reinvested into these enterprises.  Defendants' conduct caused Plaintiff to suffer an injury insofar as the value and efficacy of paid advertisements were diminished and potential revenue to plaintiff's firm was reduced.

(FAC, ¶ 55.)

Although Plaintiff does not indicate upon which of the four subsections of 18 U.S.C. section 1962 his RICO claim is based, he appears to have brought it under section 1962(c), the elements of which are: "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).  In addition, under 18 U.S.C. section 1964(c), a private RICO plaintiff must also allege (a) injury to a business or property interest; and (b) and proximate causation.  *See Hill v. Opus*, 841 F. Supp. 2d 1070, 1096 (C.D. Cal. 2011).  As discussed below, Plaintiff has not alleged *any* of these elements.

1.      ***The FAC Fails to Sufficiently Allege the Existence of an "Enterprise."***

"[A] plaintiff is required at the pleading stage to suggest plausibly the existence of an enterprise structure."  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 370 (3d. Cir. 2010).[3]  Here, Plaintiff merely alleges that "Centro Legal Internacional was formed as an enterprise" and "USA Photocopy, C&E Technology, Professional

---

[3] An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Plaintiff has not alleged the existence of a partnership, corporation, or other legal entity.

8

Document Management and Providence Scheduling were also affiliates of defendants that were enterprises."  (FAC, ¶ 55.)  He provides no other facts about these entities, such as what they were, what their purpose was, what the relationships were among those who were associated with them, or their longevity – all of which must be pled to establish an enterprise.  *See Boyle v. U.S.*, 556 U.S. 938, 946 (2009) ("association-in-fact enterprise" has three "structural features": (1) "a purpose"; (2) "relationships among those associated with the enterprise"; and (3) "longevity sufficient to permit those associates to pursue the enterprise's purpose.").

Courts have consistently held conclusory allegations such as these to be insufficient to allege the existence of a RICO enterprise.  *See, e.g., Prime Partners IPA of Temecula, Inc. v. Chaudhuri,* 2012 WL 1669726, at *11 (C.D. Cal. May 14, 2012) (statement that "'Defendants Chaudhuri, Foutz, Thomas, HCMG and KM are an enterprise'" fails "to allege the existence of an enterprise"); *Vaugh v. Diaz,* 2013 WL 150487, at *2 (S.D. Cal. Jan. 14, 2013) (plaintiff failed to identify "distinct enterprise" where he alleged "only that Defendants . . . conducted and participated, both directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity"); *Rao v. BP Prods. N. Am., Inc.,* 589 F.3d 389, 400 (7th Cir. 2009) (upholding dismissal of RICO claims because, *inter alia*, plaintiff's allegations of an association-in-fact enterprise "do not indicate how the different actors are associated and do not suggest a group of persons acting together for a common purpose or course of conduct").

Plaintiff also alleges that "Defendants' ***conduct*** . . . constitutes a criminal enterprise."  (FAC, ¶ 55) (emphasis added).  An "enterprise", however, must be "an entity separate and apart from the pattern or activity in which it engages." *United States v. Turkette,* 452 U.S. 576, 583 (1981); *see also Odom v. Microsoft Corp*., 486 F.3d 541, 551 (9th Cir. 2007) (en banc) ("The enterprise and its activity are two separate things.  One is the enterprise.  The other is its activity.").

### 2. *The FAC Fails to Sufficiently Allege that Defendants "Conducted or Participated" in the Affairs of an Enterprise.*

To "conduct or participate . . . in the conduct" of the affairs of an enterprise, a defendant "must have some part in directing [the enterprise's] affairs" by "particpat[ing] in the operation or management of the enterprise." *Reves v. Ernst & Young*, 507 U.S. 170, 179, 183 (1993). Plaintiff's allegation that "[e]ach defendant conducted an enterprise" (FAC, ¶ 55) falls woefully short of this standard. The FAC is silent as to how each individual Defendant participated in the operation or management of the enterprise with which he was associated. *See Prime Partners*, 2012 WL 1669726, at *12 (dismissing RICO complaint where, *inter alia*, "Plaintiffs fail to delineate how any of these individual defendants independently participated in the operation or management of the enterprise"). Accordingly, the FAC fails to plead this element as well.[4]

### 3. *The FAC Fails to Sufficiently Allege "Racketeering Activity."*

It is unclear what "racketeering activity" Plaintiff attempts to allege. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity"). He only alleges that "defendants used e-mail and United States Mail to commit the actions described in the OCDA Complaint and that such use of e-Mail and United States Mail affected interstate commerce," and references "four overt acts and eleven counts" in the criminal complaint, but without identifying them. (FAC, ¶ 55.) Defendants can only assume that Plaintiff is alleging mail fraud and wire fraud in violation of 18 U.S.C. sections 1341 and 1343, respectively.

"The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud." *Eclectic Properties East, LLC v. Marcus & Millichap Co*., 751 F.3d 990, 997 (9th Cir. 2014). The elements are: (1) "the defendant

---

[4] In fact, the FAC alleges that it was "Arguello and Gonzalez" – two non-parties to this lawsuit – who are the "accused . . . masterminds behind the unlawful referral network" – not any of the Defendants. (FAC, ¶ 25.)

10

knowingly devised or knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations or promises"; (2) "the statements made or the facts omitted as part of the scheme were material"; (3) "the defendant acted with the intent to defraud"; and (4) "in advancing or furthering or carrying out the scheme, the defendant used the mails/wires or caused the mails/wires to be used." *U.S. v. Woods*, 335 F.3d 993, 997 (9th Cir. 2003); *see* 18 U.S.C. §§ 1341 & 1343.

Plaintiff' does not allege *any* of these elements, much less allege them with the particularity required under Rule 9(b). *See Lancaster Comm. Hosp. v. Antelope Valley Hosp. District*, 940 F.2d 397, 405 (9th Cir. 1991) (all RICO claims alleging fraud must be pleaded with particularity); *Gotham Print, Inc. v. American Speedy Printing Ctrs, Inc.,* 863 F. Supp. 447, 457 (E.D. Mich. 1994) ("Courts have been particularly sensitive to [Rule] 9(b)'s pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, and have further required specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme.").

Even if the Court were to look beyond the FAC to consider the "four overt acts and eleven counts" in the *Slater* Complaint," the allegations lack specificity because the *Slater* Complaint does not mention Defendants, much less specify the role of each in the alleged scheme; allege any false representations, pretenses, or promises; allege that any false statements were material; allege use of the mails or wires; allege the time, place and manner of the alleged communications; or allege the parties to the communications. *See Lancaster Comm. Hosp*., 940 F.2d at 405 (plaintiff failed to establish predicate acts of mail fraud where no specific mailings were mentioned and the only date referenced was "from 1986 up through the present"); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (complaint failed to establish predicate acts where it did not "attribute specific conduct to individual defendants" and did not "specify either the time or the place of the alleged wrongful conduct other

11

than to say: 'Commencing on or about October, 1982, and through and including March, 1983, within the Central District of California . . . .'").

Additionally, neither the FAC nor the attached *Slater* Complaint allege any facts from which an intent to defraud ***Plaintiff*** can be reasonably inferred.  In mail and wire fraud cases, the plaintiff must sufficiently allege that the defendant had the "intent to obtain money or property from the victim of the deceit."  *U.S. v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989).  Here, the alleged victims, if any, were insurance companies; not Plaintiff or any other competing worker's compensation attorneys.

Accordingly, the RICO cause of action also fails to allege the element of "racketeering activity."

### 4.   *The FAC Fails to Sufficiently Allege a "Pattern of Racketeering Activity."*

To allege a pattern of racketeering activity, a RICO plaintiff must allege that at least "two acts of racketeering activity" were committed; the acts are "related," meaning they had "the same or similar purposes, results, participants, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics"; and the acts "amount to or pose a threat of continued criminal activity."  *H.J. Inv. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-41 (1989).  With respect to the continuity element, the plaintiff must allege either "past conduct that by its nature projects into the future with a threat of repetition," or "a series of related predicates extending over a substantial period of time." *Id*. at 241-43; *see also* 18 U.S.C. § 1961(5); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535-36 (9th Cir. 1992) (applying *Northwestern Bell*); Ninth Cir. Manual of Model Crim. Jury Instr. § 8.157.

As set forth above, Plaintiff has not sufficiently alleged a single act of racketeering activity, much less any of the facts necessary to constitute a "pattern."

### 5.   *The FAC Fails to Sufficiently Allege Injury to Plaintiff's "Business or Property."*

To sufficiently allege that he has been "injured in his business or property," a

plaintiff must allege "concrete financial loss" to "a specific business or property interest."  *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (internal quotation marks omitted).

Here, Plaintiff alleges only that he was injured "insofar as the value and efficacy of paid advertisements were diminished and potential revenue to plaintiff's firm was reduced."  (FAC, ¶ 55.)  He does not allege that his advertisements were worth less than what he paid for them, that his firm actually lost revenue or any clients, or that he suffered any other form of concrete pecuniary loss.  A virtual laundry list of cases holds that the type of speculative or intangible harm alleged here does not constitute sufficient injury for purposes of section 1964(c).  For example:

- *Steele v. Hosp. Corp. of America*, 36 F.3d 69, 70 (9th Cir. 1994): Patients failed to show proof of concrete financial loss from an alleged scheme to defraud their health insurance companies through fraudulent billings, since it was the insurance companies – and not the plaintiffs themselves – who suffered the loss.  The depletion of the plaintiffs' insurance benefits was only "speculative injury," since they failed to specify any instances where they actually had to pay claims out of their own funds.  *Id.* at 71.

- *Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir. 1990):  Directors of an oil company could not maintain a RICO action against insurers that had cancelled their liability policies because loss of "protection against potential financial loss" was an "intangible property interests," not a "concrete financial loss."

- *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606-07 (5th Cir. 1998): Buyers of sports trading cards who had hoped to receive card packages containing valuable cards may have suffered an injury to their "expectancy interests" or to an "intangible property interest," but such injury was insufficient to confer RICO standing.

- *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1094-96 (S.D. Ind. 2001), *rev'd in part on other grounds*, 288 F.3d 1012 (7th Cir. 2002):  Allegations that plaintiffs "paid more" for tires and vehicles "than they were worth" based on manufacturers' withholding of information regarding safety risks, or that they "will incur the cost" of replacing the tires, did not allege any cognizable injury under section 1964.

13

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7

- *Crayton v. Hedgpeth*, 2011 WL 1988450, at *14 (E.D. Cal. May 20, 2011):  Loss of "expected earnings" and "fair market value" of inventions and a manuscript did "not satisfy proof of a 'concrete financial loss.'"

- *Strates Shows, Inc. v. Amusements of America, Inc*., 379 F. Supp. 2d 817, 828 (E.D.N.C. 2005):  Injury allegedly suffered by carnival operator when it was not awarded a contract or leases as a result of state officials' alleged racketeering activity was "injury to mere expectancy interests or to an intangible property interest," and insufficient to confer standing under RICO.

Absent concrete injury, "the RICO claim cannot be sustained."  *First Pac. Bancorp, Inc. v. Bro*, 847 F.2d 542, 547 (9th Cir. 1988).

6.    ***The FAC Fails to Sufficiently Allege that the RICO Violation Proximately Caused Plaintiff's Alleged Injury.***

Nor has Plaintiff alleged that the diminishment in "value and efficacy of paid advertisements . . . and potential revenue" to his firm was proximately caused by Defendants' alleged capping activities.  Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged."  *Holmes v. Secs. Inv. Prot. Corp.,* 503 U.S. 258, 269 (1992); *see also Anza v. Ideal Steel Supply Co*., 547 U.S. 451, 461 (2006) ("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.").  "Failure to allege that the specifically identified RICO predicate acts proximately caused plaintiff's injury is ground for dismissal at the pleading stage."  *Vicon Fiber Optics Corp. v. Scrivo*, 201 F. Supp. 2d 216, 219 (S.D.N.Y. 2002).

In *Anza*, the plaintiff alleged that a competitor harmed it by defrauding the New York tax authority and using the proceeds from the fraud to offer lower prices to customers.  The Court held that the plaintiff lacked standing due to the lack of proximate cause between the plaintiff's alleged harm − lost sales due to a competitor's lower prices − and the alleged RICO violation − "defrauding the state."  547 U.S. at

458-59.  The Court noted that the defendant could have lowered its prices for any number of reasons, and that the plaintiff's lost sales could have resulted from a variety factors other than the defendants' alleged fraud.  *Id.* at 458-59.  In concluding that plaintiff failed to allege proximate cause, the Court explained:

> A court considering the claim would need to begin by calculating the portion of [the defendant's] price drop attributable to the alleged pattern of racketeering activity.  It next would have to calculate the portion of [the plaintiff's] lost sales attributable to the relevant part of the price drop.  The element of proximate causation recognized in *Holmes* is meant to prevent these types of intricate, uncertain inquiries from overrunning RICO litigation.  It has particular resonance when applied to claims brought by economic competitors, which, if left unchecked, could blur the line between RICO and the antitrust laws.

*Id*. at 459-60.

In this case, just as in *Anza*, the cause of Plaintiff's asserted harm is too attenuated from the alleged RICO violation to support proximate causation.  Numerous factors could have contributed to Plaintiff's alleged injury, including the differing geographic markets in which Plaintiff and Defendants provide legal services; Plaintiff's lack of experience; the quality of Plaintiff's legal services; the type and targeting of Plaintiff's advertisements; Plaintiff's fee structure; customer satisfaction and referrals; the state of the economy; demographic factors; and countless other causes.  *See Canyon Country*, 519 F.3d at 982 (defendants' hiring of undocumented immigrants was not proximate cause of increased expenditures on health care and criminal justice services because asserted causal chain was too attenuated).

Plaintiff's RICO cause of action thus also fails for lack of proximate cause.

**E.   The First Cause of Action for Violation of the UCL Should Be Dismissed.**

      **1.   *The FAC Fails to Allege a Violation of the UCL with the Particularity Required by Rule 9(b).***

As Plaintiff has conceded, the UCL cause of action must be pled with Rule 9(b)

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

particularity.  *See* Yeh Decl., ¶ 4.[5]  As the Ninth Circuit has explained, "[i]n some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim," in which case, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)" − even if fraud is not a required element of the claim.  *Vess*, 317 F.3d at 1103.

In this case, Plaintiff has not alleged with particularity that Defendants violated the UCL.  The FAC completely fails to state the who, what, when, where, or how of the alleged fraud, as required by Rule 9(b).  Plaintiff has not alleged that any specific fraudulent worker's compensation claims were submitted by any of the Defendants; how the claims were false; when they were submitted, to whom and in what amounts; or whether they were paid.  Similarly, Plaintiff has not alleged the amount of any illegal capping payments; to whom the payments were made; or when, where, how, or by whom they were made.

Plaintiff compounds this lack of particularity by failing to differentiate between the ten different defendants and failing to identify the role of each Defendant in the purported capping scheme.  This is clearly impermissible under Rule 9(b).  *See Swartz*, 476 F.3d at 764-65 (Rule 9 "does not allow a complaint to merely lump multiple defendants together, but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (internal citations omitted); *Hicks v. Makaha Valley Plantation Homeowners Ass'n*, 2015 WL 328311, at *5-6 (D. Haw. Jan. 26, 2015) (dismissing complaint where "Plaintiffs' Complaint lumps both Defendants together").  Plaintiff's allegations are therefore insufficient to

---

[5]  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule.") (internal quotation marks omitted).

16

satisfy the "particularity" requirement of Rule 9(b).

2.     ***The FAC Fails to Allege Statutory Standing to Bring a UCL Claim.***

In *Kwikset Corp. v. Sup. Ct.,* 51 Cal. 4th 310 (2011), the California Supreme Court explained that, "[i]n 2004, the electorate substantially revised the UCL's standing requirement; where once private suits could be brought by 'any person acting for the interests of itself, its members or the general public' . . . , now private standing is limited to any 'person who has suffered injury in fact and has lost money or property' as a result of unfair competition." *Id*. at 320–321 (quoting Cal. Bus. & Prof. Code § 17204, both before and after it was amended by Cal. Prop. 64).

To satisfy the UCL's "standing requirement," a plaintiff must allege: (1) "a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*"; and (2) "that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 322 (emphasis in original).  Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks omitted).  The requirement of a "particularized" injury means that "the injury must affect the plaintiff in a personal and individual way." *Id*. at 322–23.

In *Pom Wonderful LLC v. Welch Foods, Inc*., 2009 WL 5184422 (C.D. Cal. Dec. 21, 2009), a seller of bottled juice (Pom) brought a UCL claim against a competitor (Welch), who had made misrepresentations in marketing its products. *Id*. at *2.  Pom argued that the misleading advertising resulted in increased profits to Welch, while injuring Pom's relationships with existing and prospective customers. *Id*.  This Court granted Welch's motion for judgment on the pleadings, holding that Pom's allegations did not establish an "injury in fact" that would give rise to standing under the UCL. *Id*. at **3–5.  The Court explained:

> Pom has not alleged a loss that would entitle it to restitution.  Pom does not allege that Welch is in possession of money or property which Pom possessed, nor has Pom pointed to any money that it has been required to

17

expend as a result of Welch's allegedly false advertising.  Rather . . . Pom seeks to recover . . . nothing more than a "contingent expectancy of payment from a third party"—in this case, consumers.

*Id*. at *3 (citing *Korea Supply Co. v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1150 (2003)).[6]

In *MAI Systems, Corp. v. UIPS*, 856 F. Supp. 538 (N.D. Cal. 1994), the court granted a Rule 12(b)(6) motion dismissing a counterclaim alleging a UCL violation for lack of standing.  The counterclaim was premised on the allegation that plaintiff computer manufacturer entered into misleading contracts with its customers, some of whom might have otherwise done business with the defendant.  *Id*. at 541-42.  The court rejected the defendant's lost business opportunity claim, holding that it was too speculative to confer UCL standing.  *Id*. at 542.

Here, Plaintiff speculates that the value of his advertisements were "diminished," and that this resulted in a "drop in clients that otherwise would have been represented by his law firm."  (FAC, ¶ 38.)  Plaintiff has not, however, alleged which clients he lost, which Defendants he lost them to, or even that any alleged prospective clients actually viewed his advertisements and would have chosen to be represented by him but for Defendants' alleged wrongful conduct.  Instead, he merely speculates that unnamed clients might have selected him as their counsel instead of one of the Defendants (or presumably another worker's compensation attorney) if Defendants had not engaged in the alleged capping scheme.

Plainly,  Plaintiff's allegations of injury are deficient under *Kwikset, Pom Wonderful* and *UIPS*.  Plaintiff has not alleged a particularized, non-conjectural injury as required by *Kwikset*.  Instead, he relies on the same type of lost "contingent

---

[6] The Court quoted and followed a similar case brought by Pom, which held that a party's interest in a product's market share does not constitute a vested property interest, the loss of which would confer UCL standing.  *Welch Foods, Inc.*, 2009 WL 5184422 at *4 (quoting and following *Pom Wonderful, LLC v. Tropicana Products, Inc.*, No. CV 09-566-DSF (C.D. Cal. Oct. 21, 2009)).

18

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

expectancy of payment from a third party" that the court rejected as inadequate in *Pom Wonderful*.  Furthermore, under *UPIS*, Plaintiff's allegation that he lost business opportunities involving unknown prospective clients is too speculative to satisfy the UCL's standing requirement.  Accordingly, Plaintiff has failed to allege an injury that would confer standing under the UCL.

>    3.    ***The Monetary Relief Sought by Plaintiff Is Not Recoverable Under the UCL.***

It is well established that private litigants such as Plaintiff may not recover damages for a violation of the UCL.  *See, e.g., Bank of the West v. Sup. Ct.*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under [Bus. & Prof. Code] section 17203"); *Cacique, Inc. v. Robert Reiser & Co*., 169 F. 3d 619, 624 (9th Cir. 1999) ("California law is clear that §§ 17200 *et seq*. do not authorize a suit by a private party for damages.").  The only remedies available to private litigants are injunctive relief and restitution.  *See Pineda v. Bank of America, N.A.,* 50 Cal. 4th 1389, 1401 (2010) ("a private plaintiff's remedies are limited to injunctive relief and restitution").

In the leading case of *Korea Supply Co.*, 29 Cal. 4th at 1140, a military contractor brought a UCL claim against its competitor, alleging that the defendant had been awarded a contract by the Republic of Korea because it paid bribes to receive the contract.  Plaintiff alleged that it would have been awarded the contract had it not been for this unlawful conduct, and sought the disgorgement of the defendant's profits from the contract.  The California Supreme Court held that disgorgement of profits allegedly obtained by means of an unfair business practice is not an authorized remedy under the UCL, "where these profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest." *Id*.  The court further held that "compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims." *Id*. at 1151; *see also UIPS,* 856 F. Supp. at 542 ("compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victim").  Indeed, numerous cases have held that restitution

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

under the UCL is available only where the defendant wrongfully obtained money or property belonging to the plaintiff by violating the UCL.  *See, e.g. Pom Wonderful,* 2009 WL 5184422, at *3 ("Pom has not alleged a loss that would entitle it to restitution.   Pom does not allege that Welch is in possession of money or property which Pom possessed, nor has Pom pointed to any money that it has been required to expend as a result of Welch's allegedly unfair business practices or false advertising. Rather, like the plaintiff in *Korea Supply*, Pom seeks to recover 'nonrestitutionary disgorgement of profits.'"); *George v. TRS Staffing Sols., Inc.*, 2009 WL 10676205, at *3 (C.D. Cal. Sept. 14, 2009) ("Restitution, on the other hand, is limited to the restoration of property that the defendant has actually acquired from the plaintiff, including, for example, the plaintiff's unpaid labor . . . .  As previously noted, compensatory damages that are not restitutionary in nature cannot be recovered under the UCL.").

In this case, Plaintiff does not allege that he gave any money or property to Defendants, or even that he had direct business dealings with them.  Instead, he alleges that he competed with Defendants for business and speculates that the alleged UCL violations caused prospective clients to retain Defendants instead of him.  (*See* FAC, ¶ 38).  This is a claim for damages, not restitutionary disgorgement, and therefore does not state a claim under the UCL.

**F.     The Second Cause of Action for Negligence Should Be Dismissed.**

To state a claim for negligence, a plaintiff must allege the following elements: "a legal duty to use due care, a breach of such legal duty, and that the breach is the proximate or legal cause of the resulting injury."  *Kesner v. Sup. Ct.*, 1 Cal. 5th 1132, 1142 (2016) (quotations and citations omitted).  As discussed below, the Court must dismiss Plaintiff's negligence claim because: (1) as a matter of law, Defendants do not owe Plaintiff a duty of care; (2) Plaintiff has failed to adequately allege that he suffered any injury that was proximately caused by Defendants' alleged breach of any duty; and (3) the claim is grounded in fraud, and Plaintiff has failed to meet

20

Rule 9(b)'s heightened pleading requirements.

### 1.    *As a Matter of Law, Defendants Do Not Owe a Duty of Care to Plaintiff.*

The existence of a duty is a question of law for the court.  *Kesner*, 1 Cal. 5th at 1142.  "Courts invoke the concept of duty to limit generally the otherwise potentially infinite liability which would follow from every negligent act."  *Id.* at 1143 (internal quotation marks and citations omitted).  "The conclusion that a defendant did not have a duty constitutes a determination by the court that public policy concerns outweigh, for a particular category of cases, the broad principle enacted by the Legislature that one's failure to exercise ordinary care incurs liability for all the harms that result."  *Id.*

In the business context, a duty of care between competitors is the exception rather than the rule: "Recognition of a duty to manage business affairs so as to prevent purely economic loss to third parties in their financial transactions is the exception, not the rule, in negligence law."  *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 58 (1998).  The test for determining the existence of such an "exceptional duty to third parties" is set forth in the seminal case of *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958), as follows:

> The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendants conduct and the injury suffered, [5] the moral blame attached to the defendants conduct, and [6] the policy of preventing future harm.

*See also Centinela Freeman Emergency Med. Assocs. v. Health Net of California, Inc.*, 1 Cal. 5th 994, 1013-14 (2016) (quoting *Biakanja*).

The FAC does not address any of the *Biakanja* factors, and it is clear from what is alleged that Defendants owe no duty of care to Plaintiff in this case.  ***First***, there is

---

21

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

no plausible allegation that the alleged capping scheme was intended to affect Plaintiff. **Second**, there are no allegations suggesting that the alleged injury to Plaintiff was foreseeable. **Third**, as previously discussed, the FAC does not allege that Plaintiff suffered an actual, particularized injury. **Fourth**, any possible connection between Defendants' alleged conduct and Plaintiffs' alleged injury is, at most, highly remote and speculative, if not altogether non-existent. **Fifth**, Plaintiff alleges that the OCDA is prosecuting Defendants; if they acted illegally, the criminal justice system will hold them accountable and deter future violations. Applying the *Biakanja* factors to this case therefore demonstrates that Defendants did not owe a legal duty to Plaintiff.

### 2. The FAC Fails to Adequately Allege Harm Proximately Caused by Defendants.

Plaintiff's causation and damages allegations for negligence consist of the following: "As a direct and proximate result of Defendants' illegal activities, Plaintiff was harmed in the diminished value of Plaintiff's advertisements and the diversion of clients that may have otherwise chosen to hire Plaintiff." (FAC, ¶ 53.) In essence, the FAC alleges that each of the Defendants engaged in illegal marketing, and because Plaintiff is a competitor of each Defendant, then Plaintiff *ipso facto* has been harmed by each Defendant's illegal marketing. As stated above, these allegations are both conclusory and speculative; more is needed to state a "facially plausible" claim for relief under *Twombly* and *Iqbal*. *See Blain v. Doctor's Co.*, 222 Cal. App. 3d 1048, 1066 (1990) ("[W]here the pleaded facts of negligence and injury do not naturally give rise to an inference of causation the plaintiff must plead specific facts affording an inference the one caused the other.").

### 3. Plaintiff's Negligence Claim Is Grounded in Fraud, But The FAC Fails to Meet Rule 9(b)'s Heightened Pleading Requirements.

As discussed above, a claim for relief must be pled with Rule 9(b) particularity when it is "grounded in fraud" or "sound[s] in fraud," even if fraud is not a required

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

1 element of the claim.  *Vess*, 317 F.3d at 1103.  Accordingly, this Court has applied

2 Rule 9(b) to negligence claims "grounded in fraud."  *See, e.g., United Guar. Mortg.*

3 *Indem. Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1179 (C.D. Cal. 2009)

4 ("As for the negligence claim, the AC's negligence allegations against Countrywide

5 are indistinguishable from the allegations underlying the fraudulent inducement

6 claim . . . .  The negligence claim is therefore 'grounded in fraud' and Rule 9(b)

7 applies.").

8       Plaintiff's negligence claim is based on the same allegations of workers'

9 compensation fraud that underlie the RICO and UCL claims.  (*See* FAC, ¶¶ 15, 20-38,

10 45, 52-53, 55.)  Thus, just as Plaintiff failed to allege those claims with the required

11 particularity, he has failed to allege his negligence claim with the specificity Rule 9(b)

12 demands.  Accordingly, the Court should dismiss Plaintiff's negligence claim under

13 Rule 9(b).

14 **G.**    **The FAC Should Be Dismissed Without Leave to Amend.**

15       A district court should deny leave to amend a complaint "where the amendment

16 would be futile . . . or where the amended complaint would be subject to dismissal."

17 *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Int'l Longshore and*

18 *Warehouse Union v. ICTSI Oregon, Inc*., 863 F.3d 1178 (9th Cir. 2017) ("A complaint

19 may be dismissed without leave to amend . . . when it is clear that the complaint

20 cannot be saved by further amendment."); *Cervantes v. Countrywide Home Loans,*

21 *Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without

22 leave where a plaintiff's proposed amendments would fail to cure the pleading

23 deficiencies and amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1127

24 (9th Cir. 2000) (dismissal without leave to amend is appropriate where "pleading

25 could not possibly be cured by the allegation of other facts").

26       For the following reasons, each cause of action in the FAC should be dismissed

27 without leave to amend because Plaintiff can allege no set of facts that would cure its

28 fundamental deficiencies.  Thus, any further amendment would be futile.

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**
238696.7

1   ***Civil RICO*:**  Plaintiff cannot plausibly allege many of RICO's elements,

2   including: that Defendants intended to obtain money or property from *him*, a

3   competing worker's compensation attorney; that Plaintiff suffered concrete financial

4   loss to a business or property interest; or that Plaintiff's alleged harm was proximately

5   caused by Defendants' alleged capping activities.  *See Almanza v. United Airlines,*

6   *Inc.*, 851 F.3d 1060 (11th Cir. 2017) (affirming district court's decision to dismiss

7   RICO complaint without leave to amend, even though court had not previously given

8   plaintiffs chance to amend, where there was no indication how plaintiffs could better

9   plead an "enterprise"); *Ogden v. Wells Fargo Bank, NA*, 674 Fed. App'x 650 (9th Cir.

10  2017) (dismissal of RICO complaint without leave to amend warranted where plaintiff

11  failed to identify any factual allegation that could plausibly establish proximate

12  cause); *Hollander v. Flash Dancers Topless Club*, 173 Fed. App'x 15 (2d Cir. 2006)

13  (district court did not abuse discretion in denying leave to amend RICO complaint

14  where plaintiff could not plausibly allege injury to his business or property and

15  proximate causation).

16  ***UCL*:**  Plaintiff cannot plausibly allege that he suffered a particularized,

17  non-conjectural injury, as required to satisfy the UCL's "injury in fact" standing

18  requirement.  Moreover, even if Plaintiff could somehow allege facts showing that he

19  lost clients as a result of the alleged UCL violations, he would only have a claim for

20  damages, which are not available under the UCL.

21  ***Negligence*:**  Amendment of this claim would also be futile because Defendants

22  did not owe Plaintiff a duty of care, as a matter of law, and he cannot plausibly allege

23  facts establishing that he was proximately harmed by the breach of any such duty.

24  //

25  //

26  //

27  //

28  //

24

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

## IV.   CONCLUSION.

For the foregoing reasons, the Court should grant Defendants' Joint Motion to Dismiss without leave to amend.

Respectfully submitted,

DATED:  December 7, 2017          **ISAACS | FRIEDBERG LLP**

By:   _____/s/ Jeffrey B. Isaacs_____
              JEFFREY B. ISAACS, ESQ.
              Attorneys for Defendant Fari Rezai

DATED:  December 7, 2017          **SPERTUS, LANDES & UMHOFER LLP**

By:   _____/s/ Sam Josephs_____
              SAMUEL JOSEPHS
              Attorneys for Defendant John Jansen

DATED:  December 7, 2017          **COHEN WILILAMS WILLIAMS LLP**

By:   _____/s/ Marc Williams_____
              MARC WILLIAMS
              Attorneys for Defendant Dennis Fusi

DATED:  December 7, 2017          **ANDREW D. STEIN & ASSOCIATES, INC.**

By:   _____/s/ Rebecca Davis-Stein_____
              REBECCA DAVIS-STEIN
              Attorneys for Defendant Robin Jacobs

## ATTESTATION

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filling's content and have authorized the filing.

DATED:  December 7, 2017          **ISAACS | FRIEDBERG LLP**

By:   _____/s/ Jeffrey B. Isaacs_____
              JEFFREY B. ISAACS, ESQ.

**MOTION TO DISMISS OF DEFENDANTS REZAI, FUSI, JACOBS AND JANSEN**

238696.7