1    JEFFREY B. ISAACS (SBN 117104)
2    jisaacs@ifcounsel.com
     ADAM S. KARGMAN (SBN 212109)
3    akargman@ifcounsel.com
     AMY YEH (SBN 228174)
4    ayeh@ifcounsel.com
5    **ISAACS | FRIEDBERG LLP**
     555 South Flower Street, Suite 4250
6    Los Angeles, California 90071
7    Telephone:   (213) 929-5550
     Facsimile:    (213) 955-5794
8
9    *Attorneys for Defendant Fari Rezai*
10
     [Additional counsel on the following pages]
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15   ROBERT OZERAN, ESQ.,              Case No.  2:17-cv-7965-DOC (JDEx)
                                        Assigned to Hon. David O. Carter
16              Plaintiff,
                                        **REPLY BRIEF IN SUPPORT OF**
17                                      **MOTION OF DEFENDANTS**
        vs.                             **FARI REZAI, DENNIS FUSI,**
18                                      **ROBIN JACOBS AND JOHN JANSEN**
19   ROBIN JACOBS, ESQ., *et al*.       **TO DISMISS THE FIRST AMENDED**
                                        **COMPLAINT PURSUANT TO**
20              Defendants.            **RULE 12(b)(6)**
21
                                        **HEARING:**
22
                                        Date:     January 8, 2018
23                                      Time:     8:30 a.m.
                                        Place:    Courtroom 9D
24
                                        FAC Filed:        October 5, 2017
25                                      Action Removed:   October 31, 2017
26                                      Trial Date:       None set
27

28

---

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

1  MARC WILLIAMS (SBN 198913)
2  mwilliams@cohen-williams.com
   JENNIFER WILLIAMS (SBN 268782)
3  jwilliams@cohen-williams.com
4  **COHEN WILLIAMS WILLIAMS LLP**
   724 South Spring Street, 9th Floor
5  Los Angeles, CA 90014
6  Telephone:   (213) 232-5160
   Facsimile:    (213) 232-5167
7
8  *Attorneys for Dennis Fusi*

9
10  REBECCA DAVIS-STEIN (SBN 193141)
    rds@steinlawcorp.com
11  DAWN LY (SBN 231103)
12  dl@steinlawcorp.com
    **ANDREW D. STEIN & ASSOCIATES, INC.**
13  470 S. San Vicente Blvd., 2nd Floor
14  Los Angeles, CA 90048
    Telephone:   (323) 852-1507
15  Facsimile:    (323) 852-0104
16
    *Attorneys for Robin Jacobs*
17

18
19  JAMES SPERTUS (SBN 159825)
    Jim@SpertusLaw.com
20  SAMUEL JOSEPHS (SBN 284035)
    sam@spertuslaw.com
21  DOLLY HANSEN (SBN 254826)
22  dolly@spertuslaw.com
    **SPERTUS, LANDES & UMHOFER LLP**
23  1990 S. Bundy Drive, Suite 705
24  Los Angeles, CA 90025
    Telephone:   (310) 826-4700
25  Facsimile:    (310) 826-4711
26
    *Attorneys for John Jansen*
27

28

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION. ...........................................................................................1

II.  THE EXHIBITS TO THE FAC SHOULD BE DISREGARDED.................4

III.  PLAINTIFF'S RICO ALLEGATIONS ARE INSUFFICIENT....................6

    A.  Plaintiff Has Failed to Sufficiently Allege the Existence
of an "Enterprise." ...................................................................6

    B.  Plaintiff Has Failed to Sufficiently Allege that Defendants
Directed the Affairs of an Enterprise.......................................8

    C.  Plaintiff Fails to Sufficiently Allege "Racketeering Activity"
or a  "Pattern of Racketeering Activity." ................................8

    D.  Plaintiff Fails to Sufficiently Allege Injury to His
"Business or Property."...........................................................9

    E.  Plaintiff Fails to Sufficiently Allege that the RICO
Violation  Proximately Caused His Injury. ...........................11

IV.  PLAINTIFF'S UCL ALLEGATIONS ARE INSUFFICIENT...................11

    A.  Plaintiff Fails to Allege a Violation of the UCL with
the Particularity Required by Rule 9(b). ..............................11

    B.  Plaintiff Has Not Alleged Standing to Bring a UCL Claim. ..............12

    C.  The Relief Sought by Plaintiff is Not Available Under the UCL.......13

V.  PLAINTIFF'S NEGLIGENCE CLAIM IS INSUFFICIENT. ...................13

i

# TABLE OF CONTENTS

**PAGE**

**VI.    LEAVE TO AMEND WOULD BE FUTILE AND  PLAINTIFF**
**MAKES NO SHOWING OTHERWISE. ........................................................15**

**VII.   CONCLUSION. .............................................................................................16**

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

# TABLE OF AUTHORITIES

**PAGE(S)**

**FEDERAL CASES:**

*Anza v. Ideal Steel Supply Co.*,
  547 U.S. 451 (2006) ....................................................................... 2, 11

*Ass'n of Wash. Public Hosp. Dists. v. Philip Morris, Inc.*,
  241 F.3d 696 (9th Cir. 2001) ................................................................. 9

*Berg v. First State Ins. Co.*,
  915 F.2d 460 (9th Cir. 1990) ............................................................... 10

*Boyle v. United States*,
  556 U.S. 938 (2009) ............................................................................. 6

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
  155 F. Supp. 2d 1069 (S.D. Ind. 2001) ............................................... 10

*In re Connetics Corp. Secs. Litig.*,
  542 F. Supp. 2d 996 (N.D. Cal. 2008) ................................................. 4

*Camboni v. MGM Grand Hotel, LLC*,
  2012 WL 2915080 (D. Ariz. Jul. 16, 2012) ........................................ 4

*Canyon County v. Syngenta Seeds, Inc.*,
  519 F.3d 969 (9th Cir. 2008) .......................................................... 9, 10

*Crayton v. Hedgepeth*,
  2011 WL 1988450 (E.D. Cal. May 20, 2011) ..................................... 10

*Fraker v. Bayer Corp.*,
  2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ........................................ 5

*Gottreich v. San Francisco Inv. Corp.*,
  552 F.2d 866 (9th Cir. 1977) ................................................................ 8

*H.J. Inv. v. Northwestern Bell Tel. Co.*,
  492 U.S. 229 (1989) ............................................................................. 8

*Just Film, Inc. v. Bruno*,
  847 F.3d 1108 (9th Cir. 2017) .............................................................. 8

*Kairy v. Spuershuttle Int'l.*,
  660 F.3d 1146 (9th Cir. 2011) ............................................................ 12

i

**TABLE OF AUTHORITIES (CONT.)**

**PAGE(S)**

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................. 11

*MAI Systems, Corp. v. UIPS*,
    856 F. Supp. 538 (N.D. Cal. 1994) ...................................................................... 12

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
    2011 WL 4389689 (C.D. Cal. May 5, 2011) ......................................................... 5

*Nat'l Org. for Women, Inc. v. Scheidler*,
    510 U.S. 249 (1994) ............................................................................................. 9

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) ................................................................................ 7

*Oscar v. Univ. Students Co-Operative Ass'n*,
    965 F.2d 783 (9th Cir. 1992) .............................................................................. 10

*Perkins v. Silverstein*,
    939 F.2d 463 (7th Cir.1991) ................................................................................. 4

*Portfolio Investments LLC v. First Sav. Bank Northwest*,
    583 Fed. Appx. 814 (9th Cir. 2014) ................................................................... 10

*Price v. Pinnacle Brands, Inc.*,
    138 F.3d 602 (5th Cir. 1998) .............................................................................. 10

*Prime Partners IPA of Temecula, Inc. v. Chadhuri*,
    2012 WL 1669726 (C.D. Cal. May 14, 2012) ................................................. 7, 8

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ............................................................................................. 8

*Steele v. Hosp. Corp. of America*,
    36 F.3d 69 (9th Cir. 1994) .................................................................................. 10

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
    802 F. Supp. 2d 1125 (C.D. Cal. 2011) ......................................................... 1, 14

*Strates Shows, Inc. v. Amusements of America, Inc.*,
    379 F. Supp. 2d 817 (E.D.N.C. 2005) ......................................................... 10, 11

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

## TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................. 11

*Thomas v. Baca*,
    308 Fed. Appx. 87 (9th Cir. 2009) .................................................... 10

**STATE CASES:**

*Biakanja v. Irving*,
    40 Cal. 2d 647 (1958) .................................................................. 3, 14

*Blain v. Doctor's Co.*,
    222 Cal. App. 3d 1048 (1990) ............................................................ 3

*Centinela Freeman Emergency Med. Assoc. v.*
*Health Net of California, Inc.*,
    1 Cal. 5th 994 (2016) ...................................................................... 14

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ............................................................... 2, 13

*Kwikset v. Sup. Ct.*,
    51 Cal. 4th 310 (2011) ................................................................. 2, 12

*Law Offices of Mathew Higbee v. Expungement Assistance Services*,
    214 Cal. App. 4th 544 (2013) ...................................................... 11, 12

*Quelimane Co. v. Stewart Title Guar. Co.*,
    19 Cal. 4th 26 (1998) ...................................................................... 14

*Southern California Gas Leak Cases*, __ Cal. App. 4th __,
    2017 WL 6398546 (Cal. Ct. App. Dec. 15, 2017) ...................... 14, 15

**FEDERAL STATUTES AND RULES:**

18 U.S.C § 1961 ..................................................................................... 2, 9

Fed. R. Civ. P., Rule 8 ............................................................................... 4

Fed. R. Civ. P., Rule 9 ...................................................................... *passim*

Fed. R. Civ. P., Rule 10 ............................................................................. 4

Fed. R. Civ. P., Rule 11 ............................................................................. 5

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

# TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

Fed. R. Civ. P., Rule 12 ................................................................................. 1

**STATE STATUTES:**

California Business & Professions Code:

    § 6152 ...................................................................................... 9, 13

California Insurance Code:

    § 750 ........................................................................................ 9, 13

    § 1871.4 ....................................................................................... 13

California Labor Code:

    § 3215 ...................................................................................... 9, 13

California Penal Code:

    § 549 ........................................................................................ 9, 13

    § 550 .......................................................................................... 9, 3

**OTHER AUTHORITIES:**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure § 1327 (2008) ............................................................... 4

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY**

Defendants Fari Rezai, Dennis Fusi, Robin Jacobs and John Jansen (collectively, "Defendants") submit this Reply Brief in support of their joint motion to dismiss the three causes of action in the FAC for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defendants' Motion").[1]  For the reasons discussed in Defendants' Motion and below, each of the FAC's three causes of action should be dismissed without leave to amend.

## I.      INTRODUCTION.

Plaintiff's Opposition makes no attempt to address a number of dispositive arguments raised in Defendants' Motion and, in a number of instances, completely ignores the controlling legal precedent Defendants cite.  By failing to address these dispositive arguments and controlling authorities, Plaintiff has effectively conceded their merit.  *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (Pfaelzer, J.) (the "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue").  Plaintiff has failed to address the following arguments and authorities:

### *Third Cause of Action for Civil RICO*

- Defendants argued that Plaintiff's Civil RICO claim is deficient because it fails to allege any of the elements of the predicate racketeering acts, mail and wire fraud.  Dkt. No. 28 (Defendants' Motion), pp. 24-26.  Plaintiff's Opposition completely fails to address this defect.

- Defendants argued that Plaintiff's Civil RICO claim is defective because it fails to allege "racketeering activity" and a "pattern of racketeering

---

[1] Abbreviations and shortened names used herein are the same as those used in Defendants' Motion.

1

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

activity" within the meaning of 18 U.S.C § 1961(1) and (5). Dkt. No. 28, pp. 24-26. Plaintiff's Opposition offers nothing but conclusory assertions in response.

- Defendants argued that Plaintiff's Civil RICO claim is fatally flawed because it fails to allege that the RICO violation proximately caused Plaintiff's alleged injury. Dkt. No. 28, pp. 28-29. Plaintiff's Opposition fails to meaningfully address this argument and altogether ignores the controlling U.S. Supreme Court case directly on point, *Anza v. Ideal Steel Supply Co.*, 547 U.S. 451, 461 (2006).

### *First Cause of Action for Violation of the UCL*

- Defendants argued that Plaintiff's UCL claim is defective because the FAC fails to allege a violation of the UCL with the particularity required by Rule 9(b). Dkt. No. 28, pp. 29-31. Plaintiff's Opposition does not attempt to show otherwise.

- Defendants argued that Plaintiff's UCL claim is deficient because the FAC fails to allege that Plaintiff has statutory standing to bring a UCL claim under *Kwikset v. Sup. Ct.*, 51 Cal. 4th 310 (2011), the controlling California Supreme Court case. Dkt. No. 28, pp. 31-33. Plaintiff's Opposition fails to mention, much less distinguish, *Kwikset*.

- Defendants argued that Plaintiff's UCL claim does not seek restitutionary disgorgement, but rather damages, which *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003), the controlling California Supreme Court case, makes clear is not an available UCL remedy. Dkt. No. 28, pp. 33-34. Plaintiff's Opposition ignores *Korea Supply* and is silent in the face of this argument.

### *Second Cause of Action for Negligence*

- Defendants argued that Plaintiff's negligence claim fails because Defendants owed no duty of care to Plaintiff, a third party, to prevent

2

purely economic losses under the controlling California Supreme Court decision, *Biakanja v. Irving*, 40 Cal. 2d 647, 650 (1958).  Dkt. No. 28, pp. 35-36.  Plaintiff's Opposition never mentions *Biakanja*; nor does it attempt to show that Plaintiff has satisfied any of the *Biakanja* factors.

- Defendants argued that Plaintiff's negligence claim is deficient because he failed to "plead specific facts affording an inference" that each Defendants' alleged participation in the capping scheme was the proximate cause of actual harm to Plaintiff, as required by *Blain v. Doctor's Co.*, 222 Cal. App. 3d 1048, 1066 (1990).  Dkt. No. 28, p. 36. Plaintiff's Opposition does no more than repeat the same conclusory allegations set forth in the FAC, failing to identify any "specific facts" tending to establish proximate cause or actual harm.

- Defendants argued that Plaintiff's negligence claim is deficient because it fails to meet Rule 9(b)'s heightened pleading requirements.  Dkt. No. 28, pp. 36-37.  Plaintiff does not dispute the application of Rule 9(b) to his negligence claim.  He simply asserts that "the facts supporting the negligence claim are well pled," Dkt. No. 32 (Plaintiff's Opposition), p. 16, never seeking to demonstrate how the claim complies with Rule 9(b)'s requirements, which it clearly does not.

Given Plaintiff's failure to address these arguments and authorities in his Opposition, he has effectively conceded that his RICO, UCL and negligence causes of action fail to state a claim (in multiple respects).  They should be dismissed for this reason alone.

Furthermore, as discussed below, even where Plaintiff does attempt to address the defects raised by Defendants, his arguments are meritless and rely on impermissibly conclusory allegations, references to exhibits improperly attached to the FAC and inapplicable or inapposite case law.

3

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

## II.    THE EXHIBITS TO THE FAC SHOULD BE DISREGARDED.

Plaintiff admits that he is relying on "the allegations of the FAC, combined with the press release and felony complaint attached to the FAC."  Dkt. No. 32, p. 12. However, Plaintiff concedes in his Opposition that the press release, which is attached as Exhibit "A" to the FAC, "does not comport with Federal Rules of Civil Procedure, Rule 10."  Dkt. No. 32, p. 5, n.1.  Accordingly, the press release cannot be considered in ruling on the sufficiency of the allegations in the FAC. [2]

Although the Opposition makes no mention of the *Slater* Complaint, attached as Exhibit "B" to the FAC, it too must be disregarded pursuant to Rule 10.  *See* Dkt. No. 28, pp. 6-7.  The substantial legal authority cited in Defendants' Motion establishes that unproven allegations, such as those in the Exhibits, are insufficient to state a claim under Rule 8(a).  *See* Dkt. No. 28, pp. 6-7.  The *Slater* Complaint is a criminal complaint filed against a third party in Superior Court, which makes no mention of either Plaintiff or these Defendants, and which, unlike an indictment or information, carries no finding of probable cause.  The OCDA's press release is even of less import for pleading purposes.  It merely describes the allegations in the criminal cases.  These attachments contain nothing more than untested third party allegations that case law holds must be disregarded by the Court.[3]

---

[2] *See, e.g., Perkins v. Silverstein*, 939 F.2d 463, 467 n.2 (7th Cir.1991) (newspaper articles, commentaries and editorial cartoons referencing a scandal "are not the type of documentary evidence or 'written instruments' which Rule 10(c) intended to be incorporated into . . . the complaint"); *Camboni v. MGM Grand Hotel, LLC*, 2012 WL 2915080, at *7 (D. Ariz. Jul. 16, 2012) (holding that newspaper articles attached to complaint "do not constitute 'written instruments' for purposes of Rule 10(c) and should be disregarded"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (2008) ("exhibits containing extraneous or evidentiary material should not be attached to the pleadings" pursuant to Rule 10(c)).

[3] Simply relying on unproven third party allegations to plead a claim without any independent investigation, as Plaintiff has done here, also runs afoul of Federal

---

4

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

Plaintiff asserts that "[t]he issue is form over substance as most of the facts appearing in the two exhibits also appear in the body of the complaint."  Dkt. No. 32, p. 5, n.1.  Not so.  The FAC does not actually allege any illegal conduct by Defendants; rather, it asserts that they and others have been "accused" of engaging in such conduct by the OCDA.  *See* FAC, ¶¶ 20-38.  Moreover, Plaintiff's Opposition only exacerbates this problem.  To compensate for the lack of factual allegations in the FAC, instead of citing to facts in the FAC, Plaintiff relies upon and repeatedly cites to Exhibit "A," the press release.  *See, e.g.*, Dkt. No. 32, pp. 5:5-18; 6:5-23; 7:26-27; 8:1-5; 9:19-26; 12:20-22.  Indeed, Plaintiff cites to Exhibit "A" a total of 22 times in his Opposition to argue that the FAC's causes of action were sufficiently pled. *See id*.  These citations should be disregarded for the reasons set forth above.

---

Rule of Civil Procedure 11(b), which requires that factual contentions made in a pleading be based on "knowledge, information and belief, formed after an inquiry reasonable under the circumstances."  *See, e.g.*, *In re Connetics Corp. Secs. Litig.*, 542 F. Supp. 2d 996, 1005-06 (N.D. Cal. 2008) (plaintiffs' attorney violated Rule 11 by "lifting allegations from an SEC complaint" and conducting no independent investigation into the factual allegations of their complaint); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *20 (C.D. Cal. May 5, 2011) ("Lifting allegations from other complaints does not constitute reasonable investigation as required by Fed.R.Civ.P. 11(b)."); *Fraker v. Bayer Corp.*, 2009 WL 5865687, at *5 (E.D. Cal. Oct. 6, 2009) (striking portion of complaint where "the entirety of Plaintiff's claims of wrongdoing are based on factual allegations made in, or inferred from, either [a] Consent Decree or [a] FTC Order," and there is "no independently acquired evidence that would tend to support Plaintiff's central allegations of deceptive advertising").

In this case, by Plaintiff's own account, he did not conduct any independent investigation as required by Rule 11.  Rather, the sole source of his claims is the contested allegations in a press release and a criminal complaint filed by other attorneys that make no mention of any of the Defendants who brought this motion. *See* FAC, ¶ 43 ("The source of plaintiff's information and belief are the Press Release and Felony Complaint attached hereto as well as the newspaper accounts of Defendants' criminal actions.").

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

### III.   PLAINTIFF'S RICO ALLEGATIONS ARE INSUFFICIENT.

**A.   Plaintiff Has Failed to Sufficiently Allege the Existence of an "Enterprise."**

Plaintiff has failed to properly allege an enterprise.  Plaintiff's RICO cause of action identified five purported enterprises: (1) Centro Legal Internacional; (2) USA Photocopy; (3) C&E Technology; (4) Professional Document Management; and (5) Providence Scheduling.  *See* FAC, ¶ 55.  In response to Defendants' argument that Plaintiff has not sufficiently alleged the structural attributes of any of these entities, Plaintiff cites paragraphs 15 and 20-31 of the FAC.  Dkt. No. 32, p. 8.  But these paragraphs merely allege that Centro Legal Internacional was "an 'advertising company'" formed in 2005 that was "named [as] the marketing service provider" in unspecified "contracts," FAC, ¶¶ 20-21, and that the other four entities are "companies owned or controlled by Arguello and Edgar Gonzalez" which the "attorneys" were "require[ed] . . . to use."  FAC, ¶ 23.  Plainly, this is not sufficient.

The FAC fails to allege what the purpose was of each of these entities; who was associated with them (other than non-parties Arguello and Gonzalez); what the relationships were among those so associated; and how long the entities lasted and how that longevity was sufficient to permit those associated to pursue the enterprise's purpose.[4]  These are fatal deficiencies in a RICO claim.  *See Boyle v. United States*, 556 U.S. 938, 946 (2009) ("association-in-fact" enterprise requires (1) "a purpose"; (2) "relationships among those associated with the enterprise"; and (3) "longevity sufficient to permit those associates to pursue the enterprise's purpose").

---

[4] Plaintiff now seems to refer to the enterprise as a "joint advertising program." Dkt. No. 32, p. 11 ("The FAC describes the common purpose of the enterprise [as] a so-called 'joint advertising program' . . . .").  But this is inconsistent with what he has alleged in the RICO cause of action.  *See* FAC, ¶ 55 ("Centro Legal Internacional was formed as an enterprise . . . .  USA Photocopy, C&E Technology, Professional Document Management and Provide Scheduling were also affiliates of defendants that were enterprises . . . .").  Regardless, Plaintiff has failed to allege a purpose, necessary relationships, or sufficient longevity.

6

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

Apparently recognizing the implications of this defect, Plaintiff now makes up allegations out of whole cloth, claiming that he has "allege[d] that since 2005, defendants have engaged in a criminal enterprise," Dkt. No. 32, p. 9 (citing FAC, ¶¶ 15 & 20), and that "the common purpose of the enterprise" was "to commit insurance fraud through copier charges, illegal capping activities, etc." *Id*, p. 11 (citing FAC, ¶¶ 22-34). These allegations, however, do ***not*** appear in the paragraphs cited, or anywhere else in the FAC.

Nor can Plaintiff rely on allegations that "[t]he criminal enterprise uses cappers, flyers, business cards[,] 1-800 numbers and websites." Dkt. No. 32, p. 9 (citing FAC, ¶¶ 26-30). Those allegations describe, at most, *conduct* by an enterprise, not the enterprise itself. *See Prime Partners IPA of Temecula, Inc. v. Chadhuri*, 2012 WL 1669726, at *10 (C.D. Cal. May 14, 2012) ("enterprise" must be "'an entity separate and apart from the pattern or activity in which it engages'") (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc).[5]

Plaintiff also argues that his allegations are akin to those held to be sufficient by this Court in *Prime Partners*, 2012 WL 1669726. But there the plaintiff alleged (1) a purpose – "to use a pattern of mail fraud and forgery to further [the defendants'] financial interests"; (2) relationships – "Chaudhuri, Foutz, and Thomas associated with two corporate entities to form a relationship to carry out [the enterprise's] purpose"; and (3) longevity – "the enterprise has been in existence since 1999 and continues today." *Id*. at *11. The plaintiffs in that case also alleged "sufficient factual matter to support these allegations." *Id*. Even then, this Court noted that plaintiffs had only pled "the bare minimum allegations Plaintiffs could have asserted to

---

[5] Plaintiff also cites to the press release, attached as Exhibit "A" to the FAC. Dkt. No. 32, p. 9. But that document cannot be considered for the reasons stated above.

7

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

establish the existence of an association-in-fact enterprise." *Id*. Here, Plaintiff has not even come close to alleging this "bare minimum."

**B.  Plaintiff Has Failed to Sufficiently Allege that Defendants Directed the Affairs of an Enterprise.**

Arguing that he has adequately pled the "conduct or participate" element of a claim under section 1962(c), Plaintiff cites paragraphs 20, 22, 23, 26 and 33 of the FAC.  But paragraphs 20 and 22 do not mention Defendants at all.  Additionally, paragraphs 23, 26 and 33 refer only to "the attorneys" and "[t]he defendant attorneys" without distinguishing between them, and allege only that they were "requir[ed] . . . to use several . . . companies," "are accused of paying a monthly fee" and "are accused of permitting Cappers to order, prepare, and submit documents on behalf of the attorney."  FAC, ¶¶ 23, 26 & 33.  There is no allegation that each Defendant played "some part in directing the enterprise's affairs," or that they "participated in the operation or management of the enterprise," as *Reves v. Ernst & Young*, 507 U.S. 170, 179, 183 (1993) requires.  The FAC also impermissibly lumps Defendants together, without any effort to delineate how each independently participated in the operation or management of the alleged enterprise.  *See Prime Partners*, 2012 WL 1669726, at *11 (by "lump[ing] all [d]efendants together" plaintiffs failed to show how each "independently participated in the operation or management of the enterprise").

**C.  Plaintiff Fails to Sufficiently Allege "Racketeering Activity" or a "Pattern of Racketeering Activity."**

As noted above, Plaintiff ignores Defendants' argument that he has failed to plead the elements of a "pattern of racketeering activity" by not pleading the elements of mail or wire fraud.  *See H.J. Inv. v. Northwestern Bell Tel. Co*., 492 U.S.

/ / /

/ / /

/ / /

8

1   229, 239-41 (1989).[6]  Although Plaintiff argues that Defendants' alleged acts "are

2   illegal under California Business & Professions Code section 6152, California

3   Insurance Code section 750, California Labor Code section 3215 and California Penal

4   Code section 549, 550(a)(1) and 550(b)(3)," Dkt. No. 32, pp. 9-10, none of those

5   statutes is included in the definition of "racketeering activity" set forth in 18 U.S.C.

6   § 1961(1).  Thus, alleged violations of those state statutes do not support Plaintiff's

7   RICO cause of action.

8   **D.     Plaintiff Fails to Sufficiently Allege Injury to His "Business or Property."**

9           Plaintiff relies exclusively on *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S.

10  249 (1994), as support for his argument that diminishment in "the value of plaintiff's

11  legal practice . . . and . . . advertisements" is a sufficient injury for purposes of

12  section 1964(c).  Dkt. No. 32, p. 13.  His reliance is misplaced.

13          *Scheidler* concerned whether abortion clinics could pursue RICO claims against

14  anti-abortion protesters who allegedly conspired to use or threaten violence against

15  clinic employees, doctors and patients.  The Supreme Court addressed whether the

16  plaintiffs had *constitutional* standing, which, unlike section 1964(c), requires only

17  "general factual allegations of injury resulting from the defendant's conduct."  *Id*. at

18  256.  The Court did not address section 1964(c)'s "injury to a business or property

19  interest" requirement.  *See Ass'n of Wash. Public Hosp. Dists. v. Philip Morris, Inc*.,

20  241 F.3d 696, 704 n. 4 (9th Cir. 2001) (noting that *Scheidler* "concerns constitutional

21  standing, not RICO . . . standing").

22          Significantly, Plaintiff does not dispute that in this circuit a civil RICO plaintiff

23  must allege "concrete financial loss" to "a specific business or property interest."

24  *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975, 976-80 (9th Cir. 2008)

25

26          [6] The authorities that Plaintiff cites are inapposite.  *Gottreich v. San Francisco
    Inv. Corp*., 552 F.2d 866 (9th Cir. 1977), is a Rule 10b-5 case.  *Just Film, Inc. v.*
27  *Bruno*, 847 F.3d 1108 (9th Cir. 2017), simply restates the elements of a section
28  1962(c) claim.  Neither case involved mail or wire fraud.

(concluding that plaintiff's alleged injuries from defendant's hiring of undocumented immigrants were not cognizable under section 1964(c) as injuries to "business or property" because plaintiff did not possess a property interest in either the monetary expenditures to provide public services or in the public services themselves).  Plaintiff attempts to distinguish *Canyon Country* on the ground that "[t]he allegation of injury . . . was ultimately rejected because the plaintiff was a government entity." Dkt. No. 32, p. 13.  But the same standard – a "concrete financial loss" to "a specific business or property interest" – applies to *all* civil RICO plaintiffs, not just governmental entities.  *See Canyon County*, 519 F.3d at 975; *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc) (injury to business or property must be a "concrete financial loss, and not mere injury to a valuable intangible property interest"); *Thomas v. Baca*, 308 Fed. Appx. 87, *88 (9th Cir. 2009) (same); *Portfolio Investments LLC v. First Sav. Bank Northwest*, 583 Fed. Appx. 814, 815 (9th Cir. 2014) (holding that deprivation of plaintiff's intangible right to receive honest services did not constitute "concrete financial loss" for RICO statutory standing).

Plaintiff's efforts to distinguish *Steele v. Hosp. Corp. of America*, 36 F.3d 69 (9th Cir. 1994), *Berg v. First State Ins. Co.*, 915 F.2d 460 (9th Cir. 1990), *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998), and *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001), are similarly unavailing.  Each of those cases holds that speculative or intangible harm (such as that alleged here) does not constitute sufficient injury for section 1964(c) purposes.  While Plaintiff contends that, unlike in those cases, he has alleged an "out of pocket loss," Dkt. No. 32, p. 13, the FAC never alleges that Plaintiff actually lost any revenue. *See* FAC, ¶ 55 (alleging only that "the value and efficacy of paid advertisements were diminished and ***potential*** revenue to plaintiff's firm was reduced") (emphasis added).  Such allegations are insufficient.  *See Crayton v. Hedgepeth*, 2011 WL 1988450, at *14 (E.D. Cal. May 20, 2011) (loss of "expected earnings" did "not satisfy proof of a

10

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7

'concrete financial loss'"); *Strates Shows, Inc. v. Amusements of America, Inc.*, 379 F. Supp. 2d 817 (E.D.N.C. 2005) (injury to "expectancy interest" or "an intangible property interest" insufficient to confer standing under RICO).

**E.    Plaintiff Fails to Sufficiently Allege that the RICO Violation Proximately Caused His Injury.**

As noted above, Plaintiff never meaningfully addresses the insufficiency of his proximate cause allegations.  In particular, he simply ignores *Anza v. Ideal Steel Supply Co*. 547 U.S. 451, 458-60 (2006), which holds that where, as here, lost revenue could be caused by a variety factors other than a competitor's alleged RICO violation, a RICO plaintiff's claim will fail as a matter of law.

Accordingly, the RICO claim fails on multiple grounds.

## IV.    PLAINTIFF'S UCL ALLEGATIONS ARE INSUFFICIENT.

**A.    Plaintiff Fails to Allege a Violation of the UCL with the Particularity Required by Rule 9(b).**

Plaintiff does not dispute that Rule 9(b)'s heightened pleading standard applies to his UCL claim because it is grounded in fraud, or that he so conceded in the parties' pre-filing meet and confer conference.  *See* Dkt. No. 32, pp. 15-16.  At the same time, however, he makes no attempt to demonstrate that he has pled his UCL claim with the particularity required by Rule 9(b).  *Id.*  Specifically, he does not attempt to show that he has alleged the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009).[7]  Likewise, he does not dispute that he failed to allege that any of the Defendants made a single specific illegal capping payment or fraudulent

---

[7] The sole case cited by Plaintiff in support of his UCL claim, *Law Offices of Mathew Higbee v. Expungement Assistance Services,* 214 Cal. App. 4th 544 (2013), was a state court decision in which Rule 9(b)'s particularity requirements were not applicable.

worker's compensation claim.  *See* Dkt. No. 32, pp. 15-16.  Because Plaintiff has failed to plead his UCL claim with particularity, it should be dismissed.

**B.      Plaintiff Has Not Alleged Standing to Bring a UCL Claim.**

In their Motion, Defendants contended that Plaintiff failed to allege statutory standing to bring a UCL claim pursuant to the California Supreme Court's holding in *Kwikset v. Sup. Ct.*, 51 Cal. 4th 310 (2011).  In his Opposition, Plaintiff does not discuss, let alone distinguish, *Kwikset*, instead relying on a California Court of Appeal decision, *Law Offices of Mathew Higbee v. Expungement Assistance Services,* 214 Cal. App. 4th 544 (2013) ("*Higbee*").[8]  *Kwikset* – not *Higbee* – is controlling.

As the Ninth Circuit explained in *Kairy v. Spuershuttle Int'l.*, 660 F.3d 1146 (9th Cir. 2011): "In a case requiring a federal court to apply California law, the court must apply the law as it believes the California Supreme Court would apply it.  In the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids."  *Id*., at 1150 (internal quotation marks and citations omitted); *see also Gravquick A/S v. Trimble Navigation Int'l, Ltd.,* 323 F.3d 1219, 1222 (9th Cir. 2003).

*Higbee* has no application here.  As an intermediate appellate court decision, it can only be used as an interpretive aid in the absence of controlling California Supreme Court authority on the point in question.  *Kwikset* is controlling California Supreme Court authority on the issue of standing following the passage of Proposition 64.  As discussed in Defendants' Motion, Plaintiff has fallen far short of alleging the

---

[8] Plaintiff also failed to discuss *MAI Systems, Corp. v. UIPS*, 856 F. Supp. 538 (N.D. Cal. 1994), cited in Defendants' Motion (Dkt. No. 28, p. 18), and does not offer any analysis of either the facts or the holding of *Pom Wonderful LLC v. Welch Foods, Inc.*, 2009 WL 5184422 (C.D. Cal. Dec. 21, 2009), also cited in Defendants' Motion (Dkt. No. 28, pp. 17-20), beyond asking the Court to apply *Higbee* instead.  Dkt. No. 32, pp. 15-16.

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

particularized injury *Kwikset* mandates, Dkt. No. 28, pp. 17-19, requiring dismissal of his UCL claim.

**C.     The Relief Sought by Plaintiff is Not Available Under the UCL.**

Plaintiff is seeking damages for lost business opportunities, rather than restitutionary disgorgement; but damages are not available in an UCL action, as *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003), and related cases make abundantly clear.  Dkt. No. 28, pp. 19-20.  In his Opposition, Plaintiff does not dispute that his claim is for damages; nor does he attempt to distinguish (or even discuss) *Korea Supply*.  Because Plaintiff's UCL cause of action is a claim for damages, and damages are not available under the UCL, his UCL claim must be dismissed.

## V.     PLAINTIFF'S NEGLIGENCE CLAIM IS INSUFFICIENT.

Plaintiff blithely asserts that his negligence claim is sufficiently pled because "all the defendants herein owed a duty of care to the public not to commit insurance fraud."  Dkt. No. 32, p. 16.  He claims, without citation to any legal authority, that this "duty" is imposed by various California criminal statutes punishing insurance fraud. *Id.*  None of the statutes Plaintiff cites, however, impose any kind of duty of care under any recognized negligence theory.[9]

---

[9] Business & Professions Code section 6152 makes it unlawful to "act as a runner or capper for any attorneys."  Insurance Code section 750 makes it unlawful to receive or provide inducement "for referral or procurement of clients, cases, patients, or customers."  Labor Code section 3215 makes it unlawful to receive compensation "for referring clients or patients" for worker's compensation benefits.  Penal Code section 549 makes it unlawful to refer or accept business "with knowledge that, or with reckless disregard for whether" they intend to violate Penal Code section 550 or Insurance Code section 1871.4.  Penal Code section 550(a)(1) makes it unlawful to present "any false or fraudulent claim for the payment of a loss or injury," including one under a contract of insurance and Penal Code section 550(b)(3) makes it unlawful to "[c]onceal, or knowingly fail to disclose . . . an event that affects" a person's "entitlement to any insurance benefit."

13

In fact, California law is clear that a defendant generally owes no duty to third parties to prevent purely economic losses.  *See Biakanja v. Irving*, 40 Cal. 2d 647, 650 (1958); *Centinela Freeman Emergency Med. Assoc. v. Health Net of California, Inc.*, 1 Cal. 5th 994, 1013-14 (2016); *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 58 (1998); *Southern California Gas Leak Cases*, __ Cal. App. 4th __, __, 2017 WL 6398546, at *3 (Cal. Ct. App. Dec. 15, 2017) ("*So. Cal. Gas*").  Indeed, Plaintiff's Opposition ignores *Biakanja*, the controlling California Supreme Court case on this point, never citing it once.

Moreover, applying the *Biakanja* factors to this case, Defendants argued that, as a matter of law, they did not owe a legal duty to Plaintiff.  Plaintiff, in response, made no effort to show that his negligence claim satisfied any of the *Biakanja* factors.  This failure alone is grounds to dismiss the negligence claim.  *See Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132.

It is also worth noting that just last week the California Court of Appeal applied the *Biakanja* factors in a factually analogous case, determining that, as a matter of law, the defendant in that case did not owe a duty of care to prevent economic losses to third parties.  *See So. Cal. Gas*, 2017 WL 6398546, at *1.  In *So. Cal. Gas*, several local businesses sued Southern California Gas Company ("SCG") for negligence (among other claims) after a natural gas leak caused thousands of residents to relocate.  *Id.* at *1-2.  The plaintiffs claimed they had suffered a decline in commercial activity as a result of the relocation of the residents and sought to hold SCG liable for their economic losses.  *Id.* at *2.  The California Court of Appeal concluded that SCG did not owe a duty to the plaintiffs and ordered the trial court to issue an order sustaining SCG's demurrer to the negligence cause of action without leave to amend.  *Id.* at *1 & 9.

Citing *Biakanja*, the *So. Cal. Gas* court concluded that a negligence claim for economic loss alone, without personal injury or property damage, is limited to "situations where a transaction between the defendant and another was intended to

14

directly affect the plaintiff (a third party), whose economic loss was a foreseeable consequence of the defendant's negligence." *Id.* at *1.  As the court explained, "California has never recognized an unlimited duty of care.  In the absence of personal injury or property damage, the special relationship requirement serves as a foreseeability gauge.  Without a special relationship, foreseeability is typically too tenuous to support the imposition of a duty of care to a third party." *Id.* at *9 (internal citations omitted).  The court further noted that "[n]o appellate authority addressing negligent liability for purely economic loss to third parties has found the existence of a duty of care in the absence of [an intent to affect the plaintiff]." *Id.* at *6. Additionally, the court warned that, "[o]verruling the demurrer to hold SoCalGas accountable to business plaintiffs for 'all the costs its accident caused' would promote virtually unlimited responsibility.'" *Id*. at *9.

Plaintiff has not alleged that he had a "special relationship" with any of the Defendants, nor could he as he was supposedly their competitor. *See* FAC, ¶ 19. Accordingly, his negligence claim fails for lack of a duty owed by Defendants to Plaintiff.

## VI.    LEAVE TO AMEND WOULD BE FUTILE AND PLAINTIFF MAKES NO SHOWING OTHERWISE.

Plaintiff's Opposition underscores the futility of granting leave to amend in this case.  Plaintiff claims that, if given the opportunity, he "could amend the complaint to allege additional facts regarding the contents of the illicit flyers, the telephone numbers used, the contents of the exhibits," and unspecified purported "facts establishing [his] standing and damages."  Dkt. No. 32, p. 17.  However, such an amendment would not cure the myriad of fatal flaws identified in Defendants' Motion or this Reply, including, for example, the failure to plausibly allege: the elements of a civil RICO claim; a cognizable injury or claim for restitutionary disgorgement under the UCL; the existence or breach of a legal duty owed by Defendants; or

/ / /

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

damages proximately caused by that breach. [10]   Accordingly, the FAC must be dismissed without leave to amend.

### VII.   CONCLUSION.

For the foregoing reasons, the Court should grant Defendants' Joint Motion to Dismiss without leave to amend.

Respectfully submitted,

DATED:  December 22, 2017          **ISAACS | FRIEDBERG LLP**

By:  _____/s/ Jeffrey B. Isaacs_____
JEFFREY B. ISAACS, ESQ.
Attorneys for Defendant Fari Rezai

DATED:  December 22, 2017          **SPERTUS, LANDES & UMHOFER LLP**

By:  _____/s/ Sam Josephs_____
SAMUEL JOSEPHS
Attorneys for Defendant John Jansen

DATED:  December 22, 2017          **COHEN WILILAMS WILLIAMS LLP**

By:  _____/s/ Marc Williams_____
MARC WILLIAMS
Attorneys for Defendant Dennis Fusi

---

[10] It should be noted that Plaintiff has already been granted leave to amend once, and failed to cure the defects in his UCL and negligence claims at that time. Before this case was removed to federal court, Defendant Robin Jacobs filed a demurrer to Plaintiff's original state court complaint.  Defendant Jacob's demurrer raised some of the same arguments with respect to the UCL and negligence claims as does Defendants' Motion to Dismiss in this Court.  Before that demurrer could be heard, however, Plaintiff sought and the Superior Court granted him leave to file the FAC.  Even though Plaintiff had been made aware of the fundamental defects in his UCL and negligence claims, he did not correct them in the FAC.

DATED:  December 22, 2017          **ANDREW D. STEIN & ASSOCIATES, INC.**

By: _____ */s/ Rebecca Davis-Stein* _____
REBECCA DAVIS-STEIN
Attorneys for Defendant Robin Jacobs

## ATTESTATION

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filling's content and have authorized the filing.

DATED:  December 22, 2017          **ISAACS | FRIEDBERG LLP**

By: _____ */s/ Jeffrey B. Isaacs* _____
JEFFREY B. ISAACS, ESQ.

**REPLY ISO MOTION TO DISMISS OF REZAI, FUSI, JACOBS AND JANSEN**

238846.7